John J. Glass, Appellant, *v.* Commonwealth of Pennsylvania, Department of Transportation, Bureau of Traffic Safety, Appellee.

Argued February 8, 1974, before Judges KRAMER, ROGERS and BLATT, sitting as a panel of three.

*John G. Arch,* for appellant.

*John L. Heaton,* Assistant Attorney General, with him *Anthony J. Maiorana,* Assistant Attorney General, *Robert W. Cunliffe,* Deputy Attorney General, and *Israel Packel,* Attorney General, for appellee.

OPINION BY JUDGE BLATT, April 4, 1974:

On July 26, 1972, John J. Glass was involved in an automobile accident while operating his motor vehicle in Plum Borough, Allegheny County. Subsequent

to the accident a police officer arrived at the scene and, after ascertaining that Glass who was standing nearby had been the driver of the vehicle, placed him under arrest for driving while under the influence of alcohol. Glass was then requested by the officer to submit to a breathalyzer test, which he refused to do. Admittedly, the officer had not seen Glass operating his motor vehicle at the time of the accident nor had he obtained a warrant for Glass' arrest.

Glass was subsequently notified by the Secretary of Transportation that his motor vehicle operator's license was being suspended for a period of six months because of his failure to submit to the breathalyzer test which constituted a violation of Section 624.1(a) of The Vehicle Code, Act of April 29, 1959, P. L. 58, 75 P.S. §624.1(a). He appealed this action to the Court of Common Pleas of Allegheny County, a supersedeas was granted, a hearing was held and the suspension of his license was upheld.

This case is virtually identical to *Commonwealth of Pennsylvania, Department of Transportation, Bureau of Traffic Safety v. Drugotch,* 9 Pa. Commonwealth Ct. 460, 308 A. 2d 183 (1973) and *Commonwealth v. Miles,* 8 Pa. Commonwealth Ct. 544, 304 A. 2d 704 (1973), and for the reasons stated therein we must affirm the order of the court below.

Glass has argued that we should reconsider *Drugotch, supra,* and *Miles, supra,* but we cannot agree, however, that any reconsideration is necessary. As we stated in *Miles, supra*:

"We are here dealing with the authority to request a person to submit to a chemical test and not, as was the Superior Court in Commonwealth v. Reeves, 223 Pa. Superior Ct. 51, 297 A. 2d 142 (1972), with the admission into evidence of the result of such a test.

. . . .

"It is not a question of the lawfulness of the arrest or the admissibility into evidence of the results of the test, but rather the refusal to submit to the test at a time when Section 624.1(a) is applicable. It is a factual determination not a legal determination." 8 Pa. Commonwealth Ct. at 550-551, 304 A. 2d at 708. And in *Drugotch, supra*: "Though validity of the arrest is an issue in a criminal proceeding against the alleged Section 1037 violation, it is totally irrelevant to a determination of license suspension under Section 624.1(a). This Court has held in Miles that Section 624.1(a) contains absolutely *no* requirement that the arrest be valid; the statute merely directs that the arresting officer have 'reasonable grounds' to believe a Section 1037 violation has been committed." (Emphasis in original.) 9 Pa. Commonwealth Ct. at 463, 308 A. 2d at 185.

Glass has also contended that he failed to receive a "meaningful" administrative hearing prior to being notified that his license was to be suspended. We must dismiss this argument too, however, for the reasons clearly set forth in *Commonwealth v. Grindlinger*, 7 Pa. Commonwealth Ct. 347, 300 A. 2d 95 (1973).

For the above reasons, therefore, we affirm the order of the court below.