Richard M. Grabish, Appellant *v.* Commonwealth of Pennsylvania, Appellee.

Submitted on briefs February 7, 1980, to Judges BLATT, MACPHAIL and WILLIAMS, JR., sitting as a panel of three.

*Richard T. Williams, Sr.,* for appellant.

*Harold H. Cramer,* Assistant Attorney General, with him *Ward T. Williams,* Assistant Attorney General, and *Edward G. Biester, Jr.,* Attorney General, for appellee.

OPINION BY JUDGE MACPHAIL, March 27, 1980:

Richard M. Grabish (Appellant) appeals from an order of the Court of Common Pleas of Cambria County upholding the suspension of the Appellant's motor vehicle operator's license. The Department of Transportation (Department) suspended Appellant's driver's license pursuant to Section 1547(b) of the Vehicle Code (Code), 75 Pa. C.S. §1547(b), for his refusal to submit to a breathalyzer test following his arrest for driving while under the influence of intoxicating liquor.

Immediately preceding Appellant's arrest on July 27, 1978, a police officer observed him at approximately 2:15 A.M. operating his motor vehicle in the police officer's direction without his headlights on. As Appellant's vehicle passed the police cruiser, the police officer yelled out his window to Appellant to turn on his vehicle's headlights. Appellant complied with the request after traveling three or four blocks. The police officer then turned his cruiser around, followed Appellant for several blocks and signaled for him to stop. The police officer at that time did not suspect that Appellant was driving under the influence. However, the police officer testified that when Appellant emerged from his vehicle to show the officer his driver's license and owner's card, his hands were very unsteady, his body swayed noticeably and there was a distinct odor of alcohol on his breath. The officer placed Appellant under arrest for driving while under the influence and took him to the police station, where Appellant refused to take the breathalyzer test.

Appellant argues that the trial court erred in upholding the suspension of Appellant's license because the officer had no probable cause or reasonable grounds to stop Appellant's vehicle or to suspect that he was driving under the influence. Appellant claims

that the Department could not suspend his license in the absence of compliance with the requirement of Section 1547(a) of the Code, 75 Pa. C.S. §1547(a)[1] that a police officer have reasonable grounds to believe the person operating the vehicle to have been driving while under the influence of alcohol.

Though lawfulness of an arrest is relevant to a criminal proceeding, the validity of the arrest has no bearing on an appeal of a license suspension under the Code. This Court has consistently adhered to the principle first enunciated in *Commonwealth v. Miles*, 8 Pa. Commonwealth Ct. 544, 304 A.2d 704 (1973), that the motor vehicle operator's license of one who, having been placed under arrest and charged with driving while under the influence of intoxicating liquor, refuses to take a breathalyzer test may be suspended regardless of the lawfulness of the arrest. *See Department of Transportation, Bureau of Traffic Safety v. Barrett*, 22 Pa. Commonwealth Ct. 559, 349 A.2d 798 (1976); *Glass v. Department of Transportation, Bureau of Traffic Safety*, 12 Pa. Commonwealth Ct. 648, 317 A.2d 327 (1974), *aff'd*, 460 Pa. 362, 333 A.2d 768 (1975); and *Hall v. Department of Transportation, Bureau of Traffic Safety*, 12 Pa. Commonwealth Ct. 189, 316 A.2d 135 (1974), *aff'd per curiam*, 460 Pa. 373, 333 A.2d 773 (1975).

The propriety of the suspension of a driver's license is dependent upon the Department's establishing that (1) the defendant was placed under arrest, (2) he was charged with the operation of a motor vehicle while under the influence of intoxicating liquor,

---

[1] Section 1547(a) of the Vehicle Code, 75 Pa. C.S. §1547(a): Any person who operates a motor vehicle in this Commonwealth shall be deemed to have given consent to a chemical test of breath or blood . . . if a police officer shall have reasonable grounds to believe the person to have been driving a motor vehicle while under the influence of alcohol.

(3) he was requested to submit to a breathalyzer test, and (4) he refused to comply with the test. *Commonwealth v. Miles*, 8 Pa. Commonwealth Ct. 544, 304 A. 2d 704 (1973). Additionally, we have recently held that the operator must be informed that if he refuses the breathalyzer test his license *will* be suspended. *Peppelman v. Commonwealth*, 44 Pa. Commonwealth Ct. 262, 403 A.2d 1041 (1979).

There being no dispute in the record before us that the criteria enumerated above were met in the instant case, we affirm.

ORDER

AND Now, this 27th day of March, 1980, the order of the Court of Common Pleas of Cambria County, dated October 30, 1978, upholding the license suspension of Richard M. Grabish is hereby affirmed.

President Judge BOWMAN did not participate in the decision in this case.