Russell L. Gresh, Jr., Appellant *v.* Commonwealth of Pennsylvania, Department of Transportation, Bureau of Traffic Safety, Appellee.

Submitted on briefs April 7, 1983, to President Judge CRUMLISH, JR. and Judges WILLIAMS, JR. and BARBIERI, sitting as a panel of three.

*Douglas B. Breidenbach, Jr., Binder, Kalis, Proctor & Breidenbach,* for appellant.

*Kenneth E. Kendell,* Assistant Counsel, with him *Harold H. Cramer,* Assistant Counsel, *Ward T. Williams,* Chief counsel, and *Jay C. Waldman,* General Counsel, for appellee.

OPINION BY JUDGE WILLIAMS, JR., August 22, 1983:
Appellant Russell L. Gresh, Jr. has appealed to this Court from an order of the Court of Common Pleas of Montgomery County, dated February 4, 1981. The court's order upheld the Department of Transportation's (Department) suspension of appellant's motor vehicle operator's license for his refusal to submit to a breathalyzer test.

At approximately 1:00 A.M. on July 25, 1980, Patrolman Robert Auch of the Lower Pottsgrove Township Police Department received a call to investigate an automobile accident. Upon arrival at the accident scene, the officer found appellant Gresh leaning against his damaged automobile, which had struck another vehicle. Patrolman Auch observed that the appellant had difficulty standing and used his car to maintain his balance. In addition, he noted that there was an odor of alcohol about appellant's person, and that when asked to produce his driver's license, the appellant had trouble locating it. Based upon these observations, the officer asked Gresh to accompany him to the Pottstown police station to take a

breathalyzer test, but the appellant refused and became verbally abusive.

Sergeant Richard C. Lengel, Patrolman Auch's supervising officer, was also present at the accident scene. After the appellant refused to submit to a chemical test of breath as requested by the patrolman, Sergeant Lengel reiterated the request and advised Gresh that his driver's license would be suspended if he failed to comply. The appellant again refused, emphasizing that he would not take the test and stating that he wanted to go home. In light of these refusals and the fact that the appellant's automobile was inoperable, Patrolman Auch transported Gresh to his residence in a police vehicle.[1]

On August 19, 1980, the Department notified appellant that his motor vehicle operating privileges were being suspended for a period of six (6) months, pursuant to Section 1547(b)(1) of the Vehicle Code (Code), 75 Pa. C. S. §1547(b)(1), for refusal to take a breathalyzer test. From that suspension Gresh appealed to the Court of Common Pleas of Montgomery County. Following a hearing de novo, that court entered an order dismissing the appeal and affirming the suspension. It is an appeal from that order which is now before this court.

---

[1] The appellant was subsequently charged with the criminal offense of driving under the influence of alcohol, in violation of Section 3731 of the Vehicle Code, 75 Pa. C. S. §3731. In driving the appellant home and releasing him there, rather than taking him before the issuing authority for the filing of a complaint and a preliminary arraignment, the officer was following the discretionary procedure set forth in Pa. R. Crim. P. 130(b), which provides:

> When a defendant has been arrested without a warrant for driving under the influence of alcohol or controlled substances, the arresting officer may, when he deems it appropriate, promptly release the defendant from custody rather than taking him before the issuing authority.

It is well established that in order for a license suspension for refusal to submit to a chemical test of breath to be sustained, the Department must prove that the driver involved: (1) was placed under arrest for driving under the influence of alcohol, and that the arresting officer had reasonable grounds to believe the operator was driving while intoxicated; (2) was asked to submit to a breathalyzer test; and (3) refused to do so. *Herring v. Commonwealth*, 50 Pa. Commonwealth Ct. 608, 413 A.2d 1171 (1980). In addition, where the issue is raised the Department must also establish that it fulfilled its duty, under · Section 1547(b)(2) of the Code, 75 Pa. C. S. §1547(b)(2), of warning the driver that his or her operating privileges will be suspended upon refusal to take a breathalyzer test. *Department of Transportation, Bureau of Traffic Safety v. Sinwell*, 68 Pa. Commonwealth Ct. 605, 450 A.2d 235 (1982). With respect to these criteria, the appellant in the instant matter argues that the trial court erred in upholding the suspension of his license, because the Department failed to present any evidence to support a finding that he had been placed under arrest when he was asked to submit to a chemical test of breath.[2]

Initially, it should be noted that, although the lawfulness of an arrest is relevant to a criminal proceeding, the propriety of a request to submit to a chemical test is not dependent upon the validity of the arrest. *Corry v. Commonwealth*, 59 Pa. Commonwealth Ct. 324, 429 A.2d 1229 (1981). Thus, the

---

[2] Our scope of review of a common pleas court's decision in a license suspension case is limited to determining whether the findings of that court are supported by competent evidence, whether there has been an erroneous conclusion of law, or whether the court's decision demonstrates a manifest abuse of discretion. *Waigand v. Commonwealth*, 68 Pa. Commonwealth Ct. 541, 449 A.2d 862 (1982).

motor vehicle operator's license of one who, having been placed under arrest for driving while under the influence of intoxicating liquor, refuses to take a breathalyzer test may be suspended regardless of the lawfulness of the arrest. *Grabish v. Commonwealth*, 50 Pa. Commonwealth Ct. 246, 413 A.2d 431 (1980).

Furthermore, the question of whether a driver has been placed under arrest for purposes of Section 1547(b)(1) of the Code refers to a factual situation, *i.e.*, whether the operator involved was *in fact* restrained or deprived of his liberty. *Glass v. Department of Transportation, Bureau of Traffic Safety*, 460 Pa. 362, 333 A.2d 768 (1975); *Commonwealth v. Miles*, 8 Pa. Commonwealth Ct. 544, 304 A.2d 704 (1973). In other words, whether a driver has been "placed under arrest" is a factual rather than a legal determination, and it is only necessary that the driver be under the custody and control of the person effecting the arrest. *Commonwealth v. Ebert*, 31 Pa. Commonwealth Ct. 82, 375 A.2d 837 (1977).

The appellant claims that he was never placed under arrest because neither Patrolman Auch nor Sergeant Lengel told him that he was under arrest, advised him that he was not free to leave the accident scene, or handcuffed or restrained him in any way. This argument is untenable, since no formal declaration of arrest or the application of physical force is required. *Miles*. Here, Gresh was unable to stand unassisted, his automobile was inoperative, and he had no means of leaving the accident scene other than transportation by and at the will of the police officers. Under these circumstances, the mere presence of the two policemen subjected the appellant to their complete custody and control from the time they first approached him at the accident scene until they released him at his residence. Such control and custody constituted the arrest necessary to require appellant to

submit to a chemical test upon pain of a license suspension under Section 1547(b)(1) of the Code. *See Herring.*

Accordingly, we hold that appellant had in fact been placed under arrest at the time he was requested to submit to a breathalyzer test. There being no dispute that the other elements necessary for a license to be suspended under Section 1547(b)(1) have been established by the Department, we affirm.

ORDER

AND Now, the 22nd day of August, 1983, the order of the Court of Common Pleas of Montgomery County at No. 80-16362, dated February 4, 1981, is hereby affirmed.