Alan Bruce Chronister, Appellant *v.* Commonwealth of Pennsylvania, Department of Transportation, Appellee.

Submitted on briefs May 7, 1985, to Judges Craig and Palladino and Senior Judge Kalish, sitting as a panel of three.

*Herschel Lock, Lock & Lock,* for appellant.

*Lawrence R. Wieder,* Assistant Counsel, with him, *Spencer A. Manthorpe,* Chief Counsel, and *Jay C. Waldman,* General Counsel, for appellee.

OPINION BY JUDGE CRAIG, June 3, 1985:

Motorist Alan Chronister has appealed from an order by Judge MORRISON of the Court of Common Pleas of Dauphin County, which affirmed the suspension of his motor vehicle driver's license under 75 Pa. C. S. §1547(b)(1) for refusing to take a breathalyzer test for alcohol intoxication.

After the Hampden Township police had detained Mr. Chronister for driving while intoxicated and had obtained from him an expression of willingness to take the test, he escaped from the police station and returned home before the police completed arrangements to administer the test.

The classic illustration of chutzpah—as the attitude of one who murders his parents and then seeks mercy because he is an orphan—is weak by comparison with Mr. Chronister's contention in this case, that the police were "wrongdoers" because they failed to chain and shackle him to prevent his escape. Pursuant to that novel analysis, the motorist here claims that (1) he was not under arrest as the terms of 75 Pa. C. S. §1547(b)(1) require, and (2) he bears no responsibility for being absent when it came time to take the test because the wrongdoing of the police is to blame.

Without doubt, Mr. Chronister was under arrest; the police took him into custody when they initially separated him from his own automobile and conveyed him

604

to the police station. *Gresh v. Department of Transportation*, 76 Pa. Commonwealth Ct. 483, 464 A.2d 619 (1983) (arrest is established by factual effect of police presence and control, even without an arrest declaration or physical constraint such as handcuffing).

Moreover, in view of Mr. Chronister's compliant demeanor before his escape, the police committed no legal error when they left him unshackled. As Judge MORRISON's opinion correctly points out, Mr. Chronister cannot rely upon his own voluntarily-assumed intoxicated condition to disown personal responsibility for his unbidden departure and consequent avoidance of the required test. *See Walthour v. Department of Transportation, Bureau of Traffic Safety,* 74 Pa. Commonwealth Ct. 53, 458 A.2d 1066 (1983) (intoxication no excuse for inability to take breathalyzer test).

Judge MORRISON's sound decision is affirmed.

### ORDER

Now, June 3, 1985, the order of the Court of Common Pleas of Dauphin County, dated December 21, 1983 is affirmed.