Raymond Wysocki, Appellant *v.* Commonwealth of Pennsylvania, Department of Transportation, Appellee.

Argued June 6, 1985, before Judges MacPhail and Colins, and Senior Judge Kalish, sitting as a panel of three.

*Harold J. DeWalt,* with him, *Gary Neil Asteak,* for appellant.

*Harold H. Cramer,* Assistant Counsel, with him, *Michael R. Deckman,* Deputy Chief Counsel, *Spencer A. Manthorpe,* Chief Counsel, and *Jay C. Waldman,* General Counsel, for appellee.

Opinion by Senior Judge Kalish, August 9, 1985:

Raymond Wysocki appeals to this court from the order of the Court of Common Pleas of Northampton County upholding the suspension of his operating privileges pursuant to Section 1547(b) of the Vehicle Code, 75 Pa. C. S. §1547(b), for refusing to submit to a breathalyzer test. We affirm.

The trial court found that Pennsylvania State Troopers were conducting a traffic check by stopping vehicles going in both directions on a road; that when the appellant's vehicle was stopped, a trooper noticed the odor of an alcoholic beverage on the appellant's breath; that he fumbled in producing his

driver's license; that on the spot he was asked to walk a straight line, heel to toe, and to stand on one foot for thirty seconds. The appellant failed both tests. The trial court found further that all cars going in both directions on the highway were methodically stopped in the traffic check, until all troopers became occupied and, thereafter, all cars not already stopped were allowed to pass undisturbed. The appellant was then placed under arrest and, after being given proper explanations of the law, he refused to take the breathalyzer test.

Our scope of review is limited to determining whether the record supports by substantial evidence the factual findings of the court below, whether there was an error of law and whether any constitutional rights were violated. *Bruno v. Department of Transportation, Bureau of Traffic Safety*, 54 Pa. Commonwealth Ct. 353, 422 A.2d 217 (1980). Our cases have consistently held that a traffic stop is not an arrest, nor is a person so stopped in "custody." It is not an arrest in the strict sense and when the driver refuses to submit to the breathalyzer test, the driver's license may be suspended. *Glass v. Department of Transportation, Bureau of Traffic Safety*, 460 Pa. 362, 333 A.2d 768 (1975); *Gresh v. Department of Transportation, Bureau of Traffic Safety*, 76 Pa. Commonwealth Ct. 483, 464 A.2d 619 (1983); *Corry v. Commonwealth*, 59 Pa. Commonwealth Ct. 324, 429 A.2d (1981).

In the *Glass* case, the Pennsylvania Supreme Court was interpreting the word "arrest" as found in section 624.1 of the Vehicle Code,[1] which is now section 1547(b) of the Vehicle Code. The court concluded

---

[1] Act of April 29, 1959, P.L. 58, *as amended,* added by Section 1 of the Act of July 28, 1961, P.L. 918, *formerly* 75 P.S. §624.1, repealed by the Act of June 17, 1976, P.L. 162.

that the word arrest, as used in section 624.1, did not mean a "lawful arrest" as that term is used in our criminal case law and statutes, and that the legislature was referring merely to the physical act of arrest. This is why the Supreme Court said it was not concerned with whether the "arrest" was a "lawful arrest."

Under the circumstances in *Glass,* there was no constitutional challenge. But, at the same time, the Supreme Court did recognize that the suspension of licenses by state action may involve constitutional guarantees. The *Glass* court stated, "we do not believe this position is in any way inconsistent with the judicially determined policy to exclude the admission into evidence of the fruits of an illegal arrest." *Glass,* 460 Pa. at 369, 333 A.2d at 771.

The appellant contends that his stop, *ab initio,* was an invasion of his reasonable expectation of privacy, in violation of the Fourth Amendment to the United States Constitution, and that this violation tainted the Department of Transportation's subsequent evidence of driving while intoxicated.

The appellant concedes that if the original stop were constitutionally permissible, the poison fruit doctrine of taint would not apply, and that the elements making up probable cause for the request of the chemical test being in plain view were legally sufficient to constitute reasonable grounds for the arrest.

In *Delaware v. Prouse,* 440 U.S. 648 (1979), the Supreme Court of the United States said that what makes unconstitutional the stopping of a vehicle for a license check is the unconstrained exercise of discretion by a police officer in stopping the vehicle. Only those checks that are regular, methodical and leave nothing to the discretion of the checking police of-

ficer are constitutionally permissible. The reason is
that pursuant to the Fourth Amendment, a driver
has a reasonable expectation of a certain amount of
privacy against unreasonable stops, searches and
seizures. Where the trooper is given unrestrained
discretion as to whom to stop, it would be an unrea-
sonable intrusion of the right of the driver's reason-
able expectation of privacy. *Commonwealth v. Long,*
489 Pa. 369, 414 A.2d 113 (1980); *Commonwealth v.
Murray,* 460 Pa. 53, 331 A.2d 414 (1975).

We conclude from an examination of the record
that the findings of the trial court are supported by
substantial evidence, that no error of law was com-
mitted and that the appellant's constitutional rights
were not violated because the traffic check was made
pursuant to the standards set down in the *Prouse*
case. Accordingly, we affirm.

ORDER

The order of the Court of Common Pleas of North-
ampton County, entered at Civil Division No. 1983-C-
7720 on January 12, 1984, is affirmed.

---

CONCURRING OPINION BY JUDGE MACPHAIL:

I concur with the result reached by the majority.
In *Glass v. Department of Transportation, Bureau of
Traffic Safety,* 460 Pa. 362, 333 A.2d 768 (1975), a
case where the Commonwealth *admitted* the arrest of
the vehicle operator was unlawful, our Supreme Court
held that the legislature did not intend a ''lawful''
arrest to be a pre-condition for a refusal to take a
breathalyzer examination. The Court said that the
''arrest'' as used in the statute then in effect, Section
624.1(a) of the Vehicle Code, Act of April 29, 1959,
P.L. 58, *as amended,* 75 P.S. §624.1(a), was merely
a reference to the physical act of arrest as defined

in *Commonwealth v. Bosurgi,* 411 Pa. 56, 190 A.2d 304, *cert. denied,* 375 U.S. 910 (1963). Our cases have consistently followed that analysis, the statutory language in 75 Pa. C. S. §1547(b) being nearly identical to that found in the Vehicle Code of 1959. *See Gresh v. Department of Transportation, Bureau of Traffic Safety,* 76 Pa. Commonwealth Ct. 483, 464 A.2d 619 (1983); *Corry v. Commonwealth,* 59 Pa. Commonwealth Ct. 324, 429 A.2d 1229 (1981) and *Grabish v. Commonwealth,* 50 Pa. Commonwealth Ct. 246, 413 A.2d 431 (1980).

The language in *Glass* quoted in the majority opinion relating to constitutional guarantees pertains to situations where the *results* of a breathalyzer are sought to be used in a criminal or non-criminal trial. Here, of course, we are only concerned with the refusal to take the test, a far different matter.

It is my opinion, therefore, that inasmuch as Mr. Wysocki was arrested when he was stopped and taken into custody under the control and will of the arresting officers, the lawfulness of the "stop" is not an issue we need to reach in the case *sub judice.*