## Commonwealth v. Halmi

*Melissa Dively, deputy attorney general,* for the Commonwealth.

*Dennis Kuftic,* for defendant.

LEVIN, *J.,* March 6, 1986—In essence, the sole issue before the court on this appeal from the order of suspension of motor vehicle operating privileges is whether appellant was under such an arrest that would allow a suspension of license based on his failure to take a breathalyzer test. There is no question the driver/appellant was under arrest when he

was asked to take the breathalyzer test. The only question is was that arrest sufficient to trigger his suspension when he refused to take the breathalyzer test.

The testimony elicited at the de novo hearing indicated that the driver was initially arrested for aggravated assault of a police officer. Defense counsel on cross-examination of the police officer asked:

"Was he under arrest for driving under the influence at the time you asked him to take the breathalyzer?" The police officer's answer was: "No, Sir. Under arrest for assault."

The court appreciates such honesty but for all practical purposes, this ends the case.

The Commonwealth urges that the law of Gresh v. Com., Dept. of Transp. etc., 76 Pa. Commw. 483, 464 A.2d 619 (1983), is controlling in this case. In making this argument, the Commonwealth argues that even though appellant was not under arrest for driving under the influence, he was restrained or deprived of his liberty and was in the custody and control of the arresting police officers. Therefore, the Commonwealth urges this custody and control should be sufficient to request a defendant to submit to a breathalyzer test regardless of whether he was under arrest for driving under the influence. This proposition is not what Gresh, supra, enunciates. Appellant in Gresh, supra, even though not under arrest, was in the custody and control of police officers for possible driving under the influence and not some other statutory violation. This distinguishes it from the present case where he was under arrest for assault.

This court notes that the Gresh case, supra, in fact stands for the rule that once a driver has been arrested for driving under the influence and then refuses to take a breathalyzer test, his license may

be suspended regardless of the validity of the arrest. It also states that the arrest for purposes of the statute is a factual determination for the court. Nevertheless, in the present case, whether he was under arrest is not an issue before the court since admittedly he was only under arrest for assault.

The court in Gresh, supra, stated that:

"The Department must prove that the driver involved: (1) was placed under arrest for driving under the influence of alcohol, and that the arresting officers had reasonable grounds to believe the operator was driving while intoxicated. . . ." Gresh, supra at 621, citing Herring v. Commonwealth, 50 Pa. Commw. 608, 413 A.2d 1171 (1980).

Indeed, the controlling statute itself states:

"(b) Suspension for refusal.

(1) If any person placed under arrest for driving under the influence. . . ." 75 Pa.C.S. §1547(b)(1).

There is no indication that appellant here was ever under arrest for driving under the influence or that the police officers ever intended to arrest him for driving under the influence prior to requesting the breathalyzer test.

Police officers, if they desire suspension to be valid based on refusal to take a breathalyzer test, must have thought and then conveyed that thought that he was under arrest or was being considered for arrest for driving under the influence. In this case the evidence presented to the court was to the contrary.

ORDER

And now, this March 6, 1986, it is ordered, adjudged, and decreed that the suspension is overturned and appellant's request for reinstatement of his motor vehicle operating privileges is hereby granted.