Kenneth Ray MITCHELL, Appellant,

v.

COMMONWEALTH of Pennsylvania, DEPARTMENT OF TRANSPORTATION, BUREAU OF DRIVER LICENSING.

Commonwealth Court of Pennsylvania.

Submitted on Briefs Feb. 21, 2003.

Decided June 23, 2003.

---

Louis W. Emmi, Pittsburgh, for appellant.

Timothy P. Wile, Asst. Counsel In Charge, for appellee.

BEFORE: COLINS, President Judge, FRIEDMAN, Judge, and FLAHERTY, Senior Judge.

OPINION BY Senior Judge FLAHERTY.

Kenneth Ray Mitchell (Licensee) appeals from an order of the Court of Common Pleas of Westmoreland County (trial court) which dismissed his statutory appeal from a one-year suspension of his operating privileges imposed by the Department of Transportation, Bureau of Driver Licensing (Department). We affirm.

The issue here of first impression is whether or not the operator of a motor vehicle in Pennsylvania may refuse to submit to chemical testing after a traffic stop by an off-duty Pennsylvania State trooper not in uniform in an unmarked car.

The Department sent a notice to Licensee informing him that his operating privileges would be suspended for one year pursuant to 75 Pa.C.S. § 1546(b)(1) for his refusal to submit to chemical testing on December 24, 2001. Licensee appealed to the trial court which conducted a hearing.

At the hearing, Corporal Robert W. Stauffer of the Pennsylvania State Police testified that on December 24, 2001, he was driving home when he observed a vehicle in his rear view mirror which was swerving off the road and which forced an oncoming vehicle onto the berm of the road. Corporal Stauffer, who was off-duty, dressed in street clothing and in an unmarked car, put a red light on his car and pulled the over the suspect vehicle. Corporal Stauffer testified that he identified himself to the driver of the vehicle as a Pennsylvania State trooper and showed the driver his state police badge.

Corporal Stauffer observed that the driver of the vehicle, Licensee, had an odor of alcohol about him, bloodshot eyes and was unsteady on his feet. After Licensee failed a horizontal gaze nystagmus test, Corporal Stauffer placed Licensee under arrest and transported him to the hospital for a blood test. Corporal Stauffer testified that he informed Licensee of the consequences of a refusal but that Licensee refused to take the blood test.

Licensee did not testify at the hearing but his attorney argued that Corporal Stauffer's stop and arrest of Licensee was invalid because Corporal Stauffer was not in uniform, was off-duty and in an unmarked car at the time of the arrest. Because of the invalid arrest, counsel for Licensee argued that Licensee's refusal of the breathalyzer was inconsequential.

The trial court determined that an arrest need not be valid or lawful to support a request for a chemical test. Here, because Corporal Stauffer had reasonable grounds to suspect that Licensee was op-

erating a vehicle while under the influence of alcohol and Licensee refused to submit to testing, Licensee's operating privileges were properly suspended.

On appeal to this court, Licensee argues that his arrest by Corporal Stauffer, who was not in uniform, not on duty or in a marked car at the time of arrest, was illegal. Licensee cites *Commonwealth v. Kiner*, 697 A.2d 262 (Pa.Super.1997). In that case, an off-duty, non-uniformed state trooper driving a private vehicle, pulled Kiner over after observing him drive his vehicle over the center line and weaving. The trooper observed that Kiner had bloodshot eyes and was slurring his speech. Thereafter, the trooper handcuffed Kiner, took his driver's license and waited for an on-duty, uniformed police officer to arrive. Kiner was then arrested and given a breath test which revealed an alcohol content over the legal limit. Kiner, who was charged with driving under the influence (DUI) of alcohol, filed a motion to suppress all evidence seized as a result of his arrest by the trooper. The motion was denied and Kiner was convicted of DUI. On appeal, the Superior Court reversed.

Initially, the Superior Court observed that Kiner was clearly arrested by the non-uniformed trooper and not merely detained. The trooper ordered Kiner out of his vehicle, handcuffed him and held him by his arm, thereby threatening and using force. Having determined that the trooper arrested Kiner, the next question was whether the trooper was authorized to make a warrantless arrest for a DUI conviction committed in his presence while off-duty and not in uniform.

In determining what actions were authorized by the Pennsylvania State Police with respect to violations of the Motor Vehicle Code, the Superior Court looked to 75 Pa.C.S. § 6304(a) which provides that a Pennsylvania State Police trooper, "who is in uniform may arrest without a warrant any person who violates any provision of this title in the presence of the police officer making the arrest." The Court determined that the language of 75 Pa.C.S. § 6304(a) was clear in that a trooper must be in uniform to effectuate an arrest for a violation of the Motor Vehicle Code. Because Kiner was arrested illegally, the evidence seized by the police should have been suppressed.

Licensee similarly argues in this case that evidence of his refusal to submit to chemical testing should be suppressed because his arrest was unlawful. Licensee argues that the arrest was unlawful because like in *Kiner*, the trooper who arrested Licensee was not in uniform and was off-duty at the time of arrest. However, the lawfulness of a driver's underlying DUI arrest is irrelevant for purposes of determining whether a licensee's operating privileges were properly suspended as a consequence of the driver's refusal to submit to chemical testing under the implied consent statute. *Department of Transportation v. Wysocki*, 517 Pa. 175, 535 A.2d 77 (1987).

In *Wysocki*, the licensee was stopped at a roadblock and subsequently arrested after the police officer smelled alcohol on his breath and the licensee failed field sobriety test. The licensee was transported to the police station where he refused to submit to a breathalyzer. His license was subsequently suspended for refusing to comply with the breathalyzer. The licensee appealed the suspension, challenging the constitutionality of the roadblock. The trial court affirmed the suspension as did this court. *Wysocki v. Department of Transportation*, 91 Pa.Cmwlth. 42, 496 A.2d 897 (1985).

On appeal to the Supreme Court, the licensee again argued that the roadblock was unconstitutional but the Court determined that such an argument had no bearing on the case. The Court first observed that in accordance with 75 Pa.C.S. § 1547(b), if a person is placed under arrest for violation of section 3731, relating to DUI, is requested to submit to chemical testing and refuses to do so, the person's license is to be suspended for one year. Citing *Glass v. Department of Transportation, Bureau of Traffic Safety*, 460 Pa. 362, 333 A.2d 768 (1975), which interpreted the predecessor of section 1547, the Court stated that the term arrest as referred to in the statute means the physical act of arrest.[1] Thus, for purposes of a license suspension proceeding for refusal to submit to chemical testing, the legality of the arrest is immaterial. The Court explained that the power of the Department to suspend operating privileges, which is conferred by the implied consent law, is not conditioned on the validity of the arrest which gives rise to the request for chemical testing.

More recently, this court in *McKinley v. Department of Transportation, Bureau of Driver Licensing*, 793 A.2d 996 (Pa. Cmwlth.2002), *petition for allowance of appeal granted*, 570 Pa. 690, 808 A.2d 574 (2002), reiterated that Pennsylvania law is clear that an arrest by a police officer need not be a perfectly valid and lawful arrest in order to support a valid request for chemical testing.

■ Licensee also makes the argument that Corporal Stauffer was not a police officer at the time he arrested Licensee, relying on *Snyder v. Commonwealth of Pennsylvania*, 163 Pa.Cmwlth. 178, 640 A.2d 490 (1994.) In that case, a campus police officer employed by Carnegie Mellon University (CMU) observed the licensee operating a motor vehicle and noticed that he had a strong odor of alcohol on his breath. After the licensee failed field sobriety tests, the campus police officer arrested the licensee, and then turned him over to a City of Pittsburgh police officer. The licensee thereafter refused to submit to chemical testing and his license was suspended.

This court reversed the licensee's suspension agreeing with his argument that the campus police officer who arrested him was not a police officer as that term is defined in 75 Pa.C.S. § 102. In accordance with 75 Pa.C.S. § 102 a police officer is defined as "[a] natural person authorized by law to make arrests for violations of the law." Although Department argued that the campus police officer had authority to make arrests as a private policeman, Department did not produce any evidence to support its assertion that the campus officer was in fact appointed by the court of common pleas as a private policeman in accordance with 22 Pa.C.S. § 501(a). Additionally, as to Department's argument that the campus police officer had authority to arrest under Section 2416 of the Administrative Code of 1929, Act of April 9, 1929, P.L. 177, *as amended* 71 P.S. § 646 because he worked for a state aided university this court again concluded that Department failed to prove that CMU was a state-aided university. As such, because Department failed to prove that the campus police officer had authority to make arrests, this court reversed the suspension concluding that Department failed to show that a police officer had reasonable grounds to believe that the licensee was

---

1. The predecessor to 75 Pa.C.S. § 1547 was section 624.1(a) of the Act of April 29, 1959, P.L. 58, *as amended*, 75 P.S. § 624.1(a).

operating a vehicle under the influence of alcohol.

In this case, even though Corporal Stauffer was off-duty and not in uniform at the time of the arrest it does not follow that he was not a police officer able to conduct police business. In accordance with Section 712 of the Administrative Code of 1929, 71 P.S. § 252 members of the Pennsylvania State Police are authorized to:

> (a) To make arrests, without warrant, for all violations of the law, including laws regulating the use of highways, which they may witness, and to serve and execute warrants issued by the proper local authorities. They shall have all the powers and prerogatives conferred by law upon members of the police force of cities of the first class, and upon constables of the Commonwealth.

Thus, as a Pennsylvania State Police officer, Corporal Stauffer has the authority to arrest without warrant a person whom he observes violating the laws regulating the use of the highway. As stated in *Commonwealth v. Gommer,* 445 Pa.Super. 571, 665 A.2d 1269, 1272 (1995), *petition for allowance of appeal denied,* 546 Pa. 676, 686 A.2d 1308 (1996) there is no explicit limitation of the authority of a state police officer to make a traffic stop or arrest only when the officer is on duty and/or in uniform.

In accordance with the above, the order of the trial court is affirmed.

### *ORDER*

Now, June 23, 2003 the order of the Court of Common Pleas of Westmoreland County at No. 834 of 2002, is affirmed.