# IN THE COMMONWEALTH COURT OF PENNSYLVANIA

James A. Barton,                          :
                Appellant      :
                              :
                v.                    :    No. 229 C.D. 2015
                              :    SUBMITTED: August 28, 2015
Commonwealth of Pennsylvania,             :
Department of Transportation,             :
Bureau of Driver Licensing                :

BEFORE:    HONORABLE BONNIE BRIGANCE LEADBETTER, Judge
                HONORABLE ROBERT SIMPSON, Judge
                HONORABLE JAMES GARDNER COLINS, Senior Judge

## OPINION NOT REPORTED

**MEMORANDUM OPINION BY**
**JUDGE LEADBETTER**              **FILED: October 14, 2015**

        Licensee, James A. Barton, appeals from an order of the Court of Common Pleas of Schuylkill County denying his statutory appeal and reinstating the eighteen-month suspension of his operating privilege imposed by the Department of Transportation, Bureau of Driving Licensing (Department) for refusing to submit to chemical testing pursuant to Section 1547(b)(1)(ii)(B)(III) of the Vehicle Code, *as amended*, 75 Pa. C.S. § 1547(b)(1)(ii)(B)(III).[1] We affirm.

---

[1] Pursuant to Commonwealth Exhibit C-1, only part of which Licensee included in the reproduced record, Licensee had a July 2005 conviction in New Jersey for driving under the influence of alcohol or a controlled substance (DUI) that was equivalent to the Commonwealth's DUI provision found in Section 3802 of the Vehicle Code, *as amended*, 75 Pa. C.S. § 3802. **(Footnote continued on next page…)**

Pursuant to what common pleas found to be the credible testimony of Pennsylvania State Troopers Stephen Kleeman and Michael Pahira, the facts are as follows. At approximately 11:00 p.m. on February 24, 2014, the troopers were dispatched to a single-vehicle crash in the area of Red Dale Road in West Brunswick Township, Schuylkill County. In the middle of the road, Trooper Kleeman observed a 2007 brown Chevrolet Tahoe, which had sustained severe damage as a result of a rollover. Licensee was standing next to the driver's side door and admitted to being the driver and to having consumed alcohol earlier in the day. Detecting an odor of alcohol, Trooper Kleeman observed that Licensee's speech was slurred, his attire disheveled and his movements sluggish. In describing the accident to the troopers, Licensee stated that he had been traveling east bound and had lost control of his vehicle when attempting to avoid a herd of deer. His vehicle struck a utility pole on the berm and rolled over.

Also observing signs that Licensee had been consuming alcohol, Trooper Kleeman's partner, Trooper Pahira, asked Licensee to perform the Horizontal Gaze Nystagmus (HGN) test and explained to him the reason behind the request. Trooper Pahira administered the HGN test and it yielded six out of six indicators of intoxication. Having observed Licensee walk, Trooper Pahira did not feel comfortable in requesting that he perform the one-legged stand or the walk and turn test. The trooper, therefore, requested that Licensee submit to the Portable Breath Test (PBT) in order to get a more accurate assessment as to his level of impairment. Licensee agreed and the PBT test yielded a reading of .197% blood-

_____

(continued…)
Record, Item No. 9, December 11, 2014 Hearing Transcript, Commonwealth Exhibit C-1. Accordingly, the eighteen-month enhanced suspension was warranted.

2

alcohol content. Trooper Pahira, therefore, entered the patrol vehicle in order to get the Department's Implied Consent form (DL-26 form).

Subsequently, while sitting in the passenger seat of the police SUV vehicle, Trooper Pahira read the DL-26 form verbatim to Licensee, who was standing next to Trooper Kleeman at the passenger side window of the police vehicle. When Licensee advised both troopers that he was unsure as to whether he should submit to testing, Trooper Kleeman told him that, if it were him, he would take the test. After deliberating for a few minutes, Licensee verbally stated that he was not going to submit to testing. Trooper Pahira put an "x" on the DL-26 form and had Licensee sign it to indicate his refusal.[2] While waiting for the scene to be cleared, the troopers put Licensee in the police vehicle because it was cold outside. During that time, Trooper Kleeman advised him that he was going to be arrested for DUI and other summary offenses and that he would receive something in the mail. In light of Licensee's continued refusal to go to the hospital for medical treatment, the troopers drove him to his relatively near-by residence.

As a consequence of Licensee's refusal to submit to chemical testing, the Department in April 2014 issued the notice of suspension at issue and Licensee appealed to common pleas. After conducting a *de novo* hearing where the Department presented the testimony of the two state troopers and Licensee testified on his own behalf, common pleas denied the statutory appeal. Licensee's appeal to this Court followed.[3]

---

[2] Although common pleas ultimately rejected Licensee's testimony as not credible, we note his acknowledgement that it was his signature on the form.

[3] In order to sustain a suspension of a licensee's operating privilege under Section 1547 of the Vehicle Code, the Department must establish four criteria:

**(Footnote continued on next page…)**

3

Although Licensee stated his issues in the broadest possible terms, the only cognizable issue before us is whether the Department met its burden of establishing that he was placed under arrest for purposes of Section 1547 of the Vehicle Code.[4]   An arrest for implied consent purposes has been defined as follows:  "[A]ny act that indicates an intention to take a person into custody and subjects that person to the actual control and will of the arresting officer." *Nornhold v. Dep't of Transp., Bureau of Driver Licensing*, 881 A.2d 59, 62 (Pa. Cmwlth. 2005) [citing *Glass v. Dep't of Transp., Bureau of Traffic Safety*, 333 A.2d 768, 770 (Pa. 1975)].  The question of whether a licensee has been placed

---

**(continued…)**

> 1) licensee was arrested for driving while under the influence of alcohol or a controlled substance by a police officer who had reasonable grounds to believe that he was operating or in actual physical control of the movement of the vehicle while under the influence;
>
> 2) licensee was requested to submit to chemical testing;
>
> 3) licensee refused to submit to chemical testing; and
>
> 4) licensee was specifically warned that refusal would result in the suspension of his operating privilege.

*Kollar v. Dep't of Transp., Bureau of Driver Licensing*, 7 A.3d 336, 339 (Pa. Cmwlth. 2010). Once the Department meets its burden, the burden shifts to licensee to prove that his refusal was not knowing or conscious or that he was physically unable to take the test.  *Id*.  The burden never shifted in the present case.

[4] According to Licensee's Statement of Questions Involved, the issues before us are whether the court committed an error of law in denying Licensee's appeal and whether it committed an abuse of discretion in denying his appeal.  Licensee's Brief at 4.  This statement does not comply with the letter or spirit of Rule 2116(a) of the Pennsylvania Rules of Appellate Procedure, Pa. R.A.P. 2116(a), which requires, in pertinent part, that the appellant "state concisely the issues to be resolved, expressed in the terms and circumstances of the case but without unnecessary detail."  To the extent, however, that the arrest element of the Department's burden, arguably, is "fairly suggested thereby" and to the extent that Licensee preserved any arguments in that regard on appeal, we will proceed with our appellate review.

under arrest for implied consent purposes is a factual determination, rather than one of law. *Id.* at 62 [citing *Welcome v. Dep't of Transp., Bureau of Driver Licensing*, 647 A.2d 971, 974 (Pa. Cmwlth. 1994)]. The test is "whether, under the totality of the circumstances, the reasonable impression of the driver should have been that he was subject to the officer's custody and control at the time he refused the chemical test." *Dep't of Transp., Bureau of Driving Licensing v. Jones*, 547 A.2d 877, 879 (Pa. Cmwlth. 1988). The legality of the underlying arrest is immaterial in a civil operating privilege suspension proceeding. *Stein v. Dep't of Transp., Bureau of Driver Licensing*, 857 A.2d 719, 721 (Pa Cmwlth. 2004).

In the present case, Licensee argues that common pleas erred in determining that the Department established the arrest criterion via the trooper's recitation of the arrest language in the DL-26 form, which this Court has noted, in and of itself, may not satisfy the arrest criterion. *See Woodring v. Dep't of Transp., Bureau of Driving Licensing*, (Pa. Cmwlth., Nos. 871 and 872 C.D. 2013, filed December 4, 2013), *appeal denied*, 99 A.3d 78 (Pa. 2014), slip op. at 11 (holding that this Court has not found that the simple reading of the arrest statement in the DL-26 form is sufficient to constitute an arrest for implied consent purposes and citing *Welcome*, 647 A.2d 971). Further, he maintains that Trooper Kleeman's statement to him after his refusal, that the charges would be coming in the mail, was further indicia that he was not under arrest. In that regard, maintaining that an arrest must occur before the request to submit to testing, he notes the absence of handcuffs, Miranda warnings,[5] fingerprints, a trip to the police station and a statement that he was under arrest for DUI. We disagree that the Department did not establish the arrest criterion.

---

[5] *Miranda v. Arizona*, 384 U.S. 436 (1966).

5

As an initial matter, we emphasize that common pleas accepted the troopers' testimony that Trooper Pahira read the DL-26 form to Licensee verbatim. *Reinhart v. Dep't of Transp., Bureau of Driving Licensing*, 954 A.2d 761, 765-66 (Pa. Cmwlth. 2008) (credibility determinations are within the province of common pleas and are improper questions for appellate review). The arrest portion of that form provides: "You are under arrest for driving under the influence of alcohol or a controlled substance in violation of Section 3802 of the Vehicle Code." Record, Item No. 9, December 11, 2014 Hearing Transcript, Commonwealth Exhibit C-1; Reproduced Record (R.R.) at 86. Accordingly, we reject Licensee's unsupported assertion that there was no statement made to him that he was under arrest for DUI.

Further, contrary to Licensee's assertion, common pleas relied on more than Trooper Pahira's recitation of the DL-26 form in determining that the Department met the arrest criterion. Specifically, common pleas determined: "[U]nder the totality of the circumstances, the reasonable impression of the Licensee would have been that he was subject to the officer's custody and control at the time he refused the chemical test." Common Pleas' January 28, 2015 Opinion at 7. In support of its determination, common pleas noted that, "although the troopers never physically restrained the Licensee they had him in their possession at all times." *Id*. at 6. In that regard, "Trooper Kleeman testified that Licensee was with Trooper Pahira the whole time that they were at the scene." *Id*. The fact that Trooper Kleeman remained standing by Licensee at the side of the patrol vehicle is also significant. As we noted in *Gresh v. Department of Transportation, Bureau of Traffic Safety*, 464 A.2d 619, 622 (Pa. Cmwlth. 1983), "[T]he mere presence of the two policemen subjected the appellant to their complete custody and control from the time they first approached him at the

6

accident scene until they released him at his residence." *See also Moore v. Dep't of Transp., Bureau of Driver Licensing*, (Pa. Cmwlth., No. 438 C.D. 2014, filed March 9, 2015), *appeal denied*, ___ A.3d ___ (Pa. 2015), slip op. at 14 (where police officer was standing with licensee right next to the police car, we agreed that the officer's actions "sufficiently indicated to licensee that he was in the custody and control of the officer").

Moreover, the mere fact that Trooper Kleeman advised Licensee after the refusal that the DUI and other summary offense paperwork related to the arrest would be mailed to Licensee at a later date does not compromise the totality of the circumstances inherent in the troopers' custody and control of Licensee at the time of his arrest and, indeed, throughout the whole incident. As we observed in *Woodring*, the unreported case upon which Licensee somewhat ironically heavily relies: "[I]n situations where a police officer reads the implied consent warnings and also indicates plans to place a licensee formally under arrest in the future, this Court has found that such facts were sufficient under the totality of circumstances standard to satisfy DOT's burden to prove an arrest occurred." *Id.*, slip op. at 10. As previously noted, the legality of the underlying arrest is immaterial in a civil operating privilege suspension proceeding. *Stein*, 857 A.2d at 721. This leads us to Licensee's challenge to the fact of the arrest on the ground that it lacked the traditional indicia of an arrest, e.g. handcuffs and fingerprints.

It is well established that the application of physical force is not required for a valid arrest for implied consent purposes. *Gresh*, 464 A.2d at 622. In the present case, there was no indication that Licensee failed to cooperate with the troopers or attempted to flee the scene such that physical restraint would have been warranted. In that regard, Trooper Kleeman's credible testimony was that

7

Licensee cooperated and answered all of their questions. Record, Item No. 9, December 11, 2014 Hearing Transcript, Notes of Testimony (N.T.) at 6; R.R. at 16. Accordingly, where, as here, the licensee did not resist the warrantless arrest, the arrest was not negated by the lack of necessity for physical restraint.

In addition, the fact that the troopers did not transport Licensee to the police station for processing is of no moment. In that regard, the troopers' decision to transport and release Licensee at his residence did not negate the troopers' custody and control. Pursuant to Rule 519(B)(1) of the Pennsylvania Rules of Criminal Procedure, Pa. R. Crim. P. 519(B)(1), which governs procedure in court cases initiated by warrantless arrests, we have held that, under the appropriate circumstances, releasing a licensee in this situation does not negate an arrest in implied consent cases.[6] *See Gresh*, 464 A.2d at 621 n.1 (police officer drove licensee home and released him there) and *Moore*, slip op. at 15 n.10 (police officer permitted licensee to walk home in the presence of a passenger).

Finally, common pleas noted that the credible testimony of the troopers established that "Licensee was read the DL-26 form which stated that he was under arrest for DUI." *Id*. at 7. Coupled with the troopers' testimony that

---

[6] The release provision of the rule governing procedure in warrantless arrests requires the arresting officer to promptly release a defendant from custody, rather than taking him before the issuing authority, when the following three conditions are met:

> (a) the most serious offense charged is a misdemeanor of the second degree or a misdemeanor of the first degree in cases arising under 75 Pa. C.S. § 3802;

> (b) the defendant poses no threat of immediate physical harm to any other person or to himself or herself; and

> (c) the arresting officer has reasonable grounds to believe that the defendant will appear as required.

Pa. R. Crim. P. 519(B)(1)(a) - (c).

8

Licensee had a dialogue with them concerning whether he should submit to testing, common pleas concluded that "Licensee understood the warnings and . . . knew he was under arrest and was being asked to go to the hospital to submit to a blood test." *Id*. As the totality of circumstances indicates, this was Licensee's second DUI offense. Accordingly, we affirm.

 

 

 

 

 

                                     _____

                                     **BONNIE BRIGANCE LEADBETTER,**
                                     Judge

# IN THE COMMONWEALTH COURT OF PENNSYLVANIA

James A. Barton,            :
            Appellant    :
                           :
           v.           :    No. 229 C.D. 2015
                           :
Commonwealth of Pennsylvania,  :
Department of Transportation,    :
Bureau of Driver Licensing      :

## **O R D E R**

AND NOW, this 14th day of October, 2015, the order of the Court of Common Pleas of Schuylkill County is hereby AFFIRMED.

 

 

---

**BONNIE BRIGANCE LEADBETTER,**
Judge