## Commonwealth of Pennsylvania v. Errol P. Ebert, Appellant.

Argued April 7, 1977, before Judges Kramer, Wilkinson, Jr. and Blatt, sitting as a panel of three.

*Dean L. Foote,* with him *Foote and Greisamer,* for appellant.

*John L. Heaton,* Assistant Attorney General, with him *Robert W. Cunliffe,* Deputy Attorney General, and *Robert P. Kane,* Attorney General, for appellee.

Opinion by Judge Kramer, July 14, 1977:

This is an appeal by Errol P. Ebert (Appellant) from an order of the Court of Common Pleas of Lehigh County, Pennsylvania, dated August 20, 1976. The order affirmed the Secretary of Transportation's (Secretary) suspension of Appellant's vehicle operator's license pursuant to Section 624.1(a) of the Vehicle Code, Act of April 29, 1959, P.L. 58, *as amended,* 75

84

P.S. §624.1(a),[1] for refusing to submit to a breathalyzer test. We affirm.

On April 10, 1976, Appellant was involved in an accident in the City of Allentown, Pennsylvania while operating his motor vehicle. The Allentown police officer called to the scene to investigate the accident testified that he observed Appellant drop his cards while searching for his owner's card. The officer further testified that he detected that Appellant swayed while walking to the police vehicle and that he smelled of alcohol. The officer thereupon asked Appellant to accompany him to police headquarters for the purpose of taking a sobriety test. Appellant consented to this request. While on the way to the station the Appellant was informed that he was under arrest for driving while under the influence of intoxicating liquor.

At police headquarters, Appellant was asked three times to submit to a breathalyzer test. He was informed that although he was not compelled to submit to the test, failure to do so would result in a six-month suspension of his driver's license. Appellant persisted in refusing and was released. A charge of driving while under the influence of intoxicating liquor, in violation of Section 1037 of the Vehicle Code, 75 P.S. §1037, was formally filed against Appellant on April 20, 1976. The Secretary subsequently informed Appellant on June 1, 1976, that his driver's license was suspended pursuant to Section 624.1(a) of the Vehicle Code, 75 P.S. §624.1(a), for refusing to submit to a sobriety test. Section 624.1(a) provides:

> (a) Any person who operates a motor vehicle or tractor in this Commonwealth, shall be deemed to have given his consent to a chemical test of his breath, for the purpose of determin-

---

[1] Effective July 1, 1977, Section 624.1(a) of the Vehicle Code will be suspended by Section 1547 of the new Vehicle Code, 75 Pa. C.S. §1547.

ing the alcoholic content of his blood: Provided, That the test is administered by qualified personnel and with equipment approved by the secretary at the direction of a police officer having reasonable grounds to believe the person to have been driving while under the influence of intoxicating liquor. Qualified personnel means a physican or a police officer who has received training in the use of such equipment in a training program approved by the secretary. If any person is placed under arrest and charged with the operation of a motor vehicle or tractor while under the influence of intoxicating liquor and is thereafter requested to submit to a chemical test and refuses to do so, the test shall not be given but the secretary may suspend his license or permit to operate a motor vehicle or tractor with or without a hearing. Any person whose license or permit to operate a motor vehicle or tractor is suspended under the provisions of this act shall have the same right of appeal as provided for in cases of suspension for other reasons.

The arguments advanced in this appeal are that it was an abuse of discretion for the Secretary to suspend Appellant's license in this instance because; (1) there was no lawful arrest prior to his being transported to police headquarters to take the breathalyzer test, and (2) he was not formally charged with operating a motor vehicle while under the influence of intoxicating liquor, prior to being requested to submit to the breathalyzer test. It is Appellant's belief that only upon the occurrence of both of these events could his license be properly suspended under Section 624.1(a).

The contention that a lawful arrest was required before Appellant could be transported to the location of a device used in administering a sobriety test is

baseless. The argument is founded upon the decision in *Commonwealth v. Quarles,* 229 Pa. Superior Ct. 363, 324 A.2d 452 (1974). This case dealt with the suppression of evidence relating to a criminal charge of driving while under the influence of intoxicating liquor. The court held in that case that a "person could not without his actual consent be transported twenty-two miles to the police barracks for testing, unless he was under legal arrest." *Commonwealth v. Quarles, Id.* at 390, 324 A.2d at 466 (1974). This legal analysis, however, is not relevant to the suspension of Appellant's license under Section 624.1(a).

A driver's license is revokable for a refusal to submit to a breathalyzer test under Section 624.1(a), upon the *factual* determination that the licensee was: (1) placed under arrest for driving while intoxicated; (2) was requested to submit to breathalyzer test; and (3) refused to do so. The existence of each of the above elements is not dependent upon a legal determination but a factual one. *See Commonwealth v. Miles,* 8 Pa. Commonwealth Ct. 544, 304 A.2d 704 (1973). The Pennsylvania Supreme Court reached this same conclusion in *Glass v. Bureau of Traffic Safety of Pennsylvania,* 460 Pa. 362, 333 A.2d 768 (1975). The Court held in that case that Section 624.1 (a) did not require that an arrest be lawful for a suspension under that Section to be proper. It was only necessary that the driver be under the custody and control of the arresting person. The basis of the decision was that the Secretary's power to suspend a license is conferred where the enumerated elements have *factually* occurred. *Id.* at 368, 333 A.2d at 770 (1975).

Moreover, such an analysis is not inconsistent with the court's holding in *Quarles, supra.* The court there recognized that its concern was different from that in a consideration for an abuse of discretion under a Sec-

tion 624.1(a) suspension. *Quarles,* 229 Pa. Superior Ct. at 375, 324 A.2d at 459 (1974).

Finally, it should be noted that any legal analysis to determine the existence of a lawful arrest would not be warranted under the facts of this case in any event. The record reveals that Appellant voluntarily consented to accompanying the investigating officer to the police station. The cross-examination of the officer by Appellant's counsel clearly demonstrates this fact.

Q. Didn't you, as a matter of fact, say that, even on your direct examination here, that you asked Mr. Ebert to take him to police headquarters for a sobriety test; and he agreed to accompany you?

A. In my estimation, I think that is placing him under arrest.

Q. That's not the question. The question is, did you request him to accompany you to police headquarters to take a sobriety test?

A. While in the car, yes.

Q. Did he comply with that request?

A. Yes, he did.

The decision in *Quarles, supra,* held that a lawful arrest was unnecessary prior to the transportation of a person to take a sobriety test where actual consent to be transported was given. *See Commonwealth v. Kelly,* 235 Pa. Superior Ct. 299, 341 A.2d 141 (1975).

We must lastly consider the argument presented that it was an abuse of discretion by the Secretary to suspend Appellant's license, because there was no formal charge of driving under the influence of intoxicating liquor, prior to the request that he submit to a breathalyzer test. We do not believe that the legislative intent in Section 624.1(a) was to require a formal charge before requesting that a person submit to a breathalyzer test. The statute's purpose was to

protect the public by providing an effective means of denying an intoxicated motorist the privilege of using our roads. This result was deemed to be most fairly accomplished by the utilization of accurate objective scientific tests which measure the content of alcohol in a person's blood. Considering the rapidity with which physiological processes eliminate this evidence, to require a formal charge prior to a request to submit to such a test would greatly frustrate the statute's purpose.[2] We believe therefore that the word "charged" as used in Section 624.1(a), is intended to be equated with an informal accusation. Appellant was informed he was under arrest for driving under the influence of intoxicating liquor. He was also requested to submit to a sobriety test. These facts illustrate that he was sufficiently "charged" with the offense of driving under the influence under Section 624.1(a).[3]

The record demonstrates that the various elements necessary for a license to be suspended under Section 624.1(a) have occurred. We therefore affirm the order of the lower court.

## ORDER

AND Now, this 14th day of July, 1977, the order of the Court of Common Pleas of Lehigh County, Pennsylvania at No. 69 September Term, 1976, is hereby affirmed.

---

[2] This same conclusion has been reached under similar analyses by several courts of common pleas in the Commonwealth. See *Commonwealth v. Sundstrom*, 17 Chester 220 (1969) ; *Commonwealth v. Bell*, 53 Erie 63 (1970) ; and *Smith License*, 51 D. & C. 2d 395 (1970).

[3] It should be noted that the section in the new Vehicle Code replacing Section 624.1(a) *see* note 1, has omitted the word "charged."