513 A.2d 1154

Commonwealth of Pennsylvania, Department of Transportation, Bureau of Traffic Safety, Appellant *v.* Theodore N. Shaffer, Appellee.

Submitted on briefs March 11, 1986, to Judges MACPHAIL, DOYLE and BARRY, sitting as a panel of three.

*Michael R. Deckman,* Deputy Chief Counsel, with him, *Spencer A. Manthorpe,* Chief Counsel, and *Jay C. Waldman,* General Counsel, for appellant.

*James A. Villanova,* for appellee.

OPINION BY JUDGE BARRY, August 20, 1986:

This is an appeal by the Pennsylvania Department of Transportation, Bureau of Traffic Safety (DOT) from an order of the Allegheny County Court of Common Pleas sustaining the appeal of Theodore Shaffer (appellee). DOT had suspended appellee's license for six months for refusing to submit to a breathalyzer test under Section 1547(b) of the Vehicle Code (Code), 75 Pa. C. S. §1547(b).

On June 30, 1982, appellee was ordered to pull over at Exit 4 of the Beaver Valley Interchange of the Pennsylvania Turnpike because he could not produce his toll ticket. He pulled over, sat there momentarily, then drove away. Several minutes later he re-entered the same interchange and while driving up the ramp, struck the medial panel dividing the entrance lane from the exit lane. A state trooper, notified earlier of a possible fare evasion, arrived on the scene, noticed the damage to the car and asked appellee to step out. The officer testified that he noticed appellee's intoxicated condition immediately and noted that appellee had difficulty getting out of his car. The officer propped him up against the car and after appellee refused to identify himself, the officer and another trooper who had arrived on the scene insisted on his identification. Appellee was transported to the police barracks and asked to submit to a

breathalyzer test. Both officers testifying for DOT indicated that the breathalyzer warnings required under Section 1547(b) of the Code were given. Appellee, however, refused. On August 20, 1982, appellee was notified that his operating privileges were being suspended for a period of six months under Section 1547 of the Code.[1] On September 17, 1982, appellee appealed his license suspension order to the Court of Common Pleas of Allegheny County. On July 19, 1983, the trial court sustained the appeal finding that DOT failed to prove that appellee was arrested for drunken driving *prior to* the breathalyzer request. DOT timely filed an appeal of that decision to this Court arguing that the record demonstrates, as a matter of law, that appellee was properly placed under arrest prior to the breathalyzer request, and that the actions of the arresting officer fulfilled all of the requirements of the law. We reverse and reinstate the suspension.

In order to support the suspension of one's license under Section 1547 of the Code, DOT must prove that the driver involved: (1) was placed under arrest while driving under the influence of alcohol, and that the arresting officer had reasonable grounds to believe the driver was intoxicated; (2) was asked to submit to a breathalyzer test; (3) refused to do so; and (4) was warned that his license would be revoked if he refused to take the test. *Department of Transportation, Bureau of Traffic Safety v. Ferrara*, 89 Pa. Commonwealth Ct. 549, 493 A.2d 154 (1985). Our scope of review in license suspension cases is confined to determining whether the lower court's findings are supported by competent evidence, whether an error of law has been committed, and whether the lower court's decision con-

---

[1] The suspension period under Section 1547 of the Code was later extended to one year.

stitutes a manifest abuse of·discretion. *Bruno v. Department of Transportation,* 54 Pa. Commonwealth Ct. 353, 422 A.2d 217 (1980).

In considering the officer's testimony, the trial court concluded that appellee had not been formally arrested for drunken driving until after he had been transported to the police barracks and refused to submit to the breathalyzer test. The question of whether a driver has been placed under arrest for purposes of this statute governing the breathalyzer test is a factual rather than a legal determination. *Commonwealth v. Ebert,* 31 Pa. Commonwealth Ct. 82, 375 A.2d 837 (1977). In *Ebert* we said that "we do not believe that the legislative intent of Section 624.1(a) was to require a formal charge before requesting that a person submit to a breathalyzer test." Section 624.1(a) of the Code was replaced by Section 1547 of the Code on July 1, 1977. Section 1547 of the Code omits the word "charge," in effect coinciding with the holding in *Ebert* and further evidencing the legislative intent that an arrest must be determined by the facts of each case. In 1975, in *Glass v. Department of Transportation,* 460 Pa. 362, 333 A.2d 768 (1975), our Supreme Court defined "arrest" under that same section, 624.1(a), explaining that in the context of the statute, the term "arrest" meant "any act that indicates an intention to take a person into custody and that subjects him to the actual control and will of the person making the arrest." *Glass,* 460 Pa. at 366-67, 333 A.2d at 770. It is undisputed here that appellee was confronted by the police officers and, after emitting a strong odor of alcohol, having difficulty stepping out of his car, and belligerently refusing to produce identification, was taken into custody and subjected to the control of the officers in a manner consistent with the meaning of "arrest" in *Glass.* In addition, it was a series of events in connection with his intoxication, not his attempted fare

evasion, which prompted the police officers to place him under arrest. We find that DOT successfully proved that all elements of Section 1547 of the Code were met. Accordingly, we reverse the trial court and reinstate appellee's suspension.

### ORDER

Now, August 20, 1986, it is hereby ordered that the order of the Allegheny County Court of Common Pleas, dated July 19, 1983, SA 670 of 1982, sustaining the appellee's appeal of his license suspension, is reversed.