525 A.2d 31

Commonwealth of Pennsylvania, Department of Transportation, Bureau of Driver Licensing, Appellant *v.* James E. Kennedy, Appellee.

Submitted on briefs March 23, 1987, to Judges CRAIG and DOYLE, and Senior Judge NARICK, sitting as a panel of three.

*Harold H. Cramer*, Assistant Counsel, with him, *Spencer A. Manthorpe*, Chief Counsel, and *Henry G. Barr*, General Counsel, for appellant.

*James E. Kennedy, Reale, Fossee & Ferry, P.C.*, for appellee.

OPINION BY JUDGE DOYLE, May 4, 1987:

The Department of Transportation, Bureau of Driver Licensing (Department) appeals from an order of the Court of Common Pleas of Allegheny County, which reversed the Department's decision to suspend James E. Kennedy's driver's license for one year pursuant to Section 1547(b) of the Vehicle Code (Code), 75 Pa. C. S. §1547(b), because he refused to submit to a breathalyzer test. We affirm.

The facts as found by the trial court are that on May 23, 1984, Kennedy was the operator of a vehicle involved in a two-vehicle collision resulting in personal injuries to himself and others, as well as property damage. Officer Michael Butya of the Robinson Township Police Department arrived at the scene and asked Kennedy if he had been drinking. Kennedy responded in the affirmative. Officer Butya then asked Kennedy if he would submit to a breathalyzer test and Kennedy responded that he would "think about it." Kennedy successfully performed some field sobriety tests and Officer Butya made observations of his eyes and speech and the smell of alcohol on his breath. Kennedy was cooperative. Due to Kennedy's complaints about neck pain, he was taken to Ohio Valley Hospital by an ambulance summoned by Officer Butya. Following completion of his investigation at the scene, Officer Butya went to the hospital and asked Kennedy to take a breathalyzer test. Kennedy refused, although he was properly instructed as to the consequences of such refusal. Kennedy was transported to another area hospital upon his request.

The Department sent a notice of suspension to Kennedy on June 12, 1984. The Court of Common Pleas of Allegheny County reversed this suspension on the ground that the Department failed to meet its burden of proving that Kennedy was under arrest for driving under the influence when he was asked to submit to the breathalyzer test. We are constrained to agree.

The Department has the burden of proving that a driver was placed under arrest for driving under the influence of alcohol. *Gresh v. Department of Transportation, Bureau of Traffic Safety,* 76 Pa. Commonwealth Ct. 483, 464 A.2d 619 (1983). The question of whether a driver has been placed under arrest for purposes of Section 1547(b)(1) of the Code refers to a factual situation,

*i.e.,* whether the driver involved was in fact restrained or deprived of his liberty. *Glass v. Department of Transportation, Bureau of Traffic Safety,* 460 Pa. 362, 333 A.2d 768 (1975). In other words, whether a driver has been "placed under arrest" is a factual rather than legal determination, and it is only necessary that the driver be under the custody and control of the person effecting the arrest. *Commonwealth v. Ebert,* 31 Pa. Commonwealth Ct. 82, 375 A.2d 837 (1977).

The trial court received conflicting testimony on the issue of arrest and found that Kennedy was not placed under arrest. We cannot disturb this finding unless we find that it is not supported by substantial evidence.[1] The record here reveals that neither the police record nor a supplement thereto made reference to a time of arrest, presumably due to an oversight. Officer Butya wrote in the offense report, "I asked Mr. Kennedy to submit to a blood withdrawal for the purpose of ascertaining his blood alcohol content. . . . I also told him that even if he refused *he would still be arrested* for driving under the influence." Officer Butya testified candidly before the court of common pleas that his statement that Kennedy "would still be arrested" connoted future action, and that Kennedy was in fact free to go about his way following treatment. We cannot say, under these circumstances, that a reasonable person in the shoes of the driver, would believe he had been arrested.

---

[1] Where the trial court is the fact-finder, our scope of review is limited to a determination of whether the court based its findings on substantial evidence or committed an error of law. *Department of Transportation, Bureau of Traffic Safety v. Stafford,* 28 Pa. Commonwealth Ct. 157, 367 A.2d 816 (1977). Questions of credibility and the resolution of testimonial conflicts are for the common pleas court. *Department of Transportation, Bureau of Traffic Safety v. Fullerton,* 31 Pa. Commonwealth Ct. 609, 377 A.2d 1024 (1977).

There being sufficient evidence to support the trial court's finding that there was no arrest, the order of the Court of Common Pleas of Allegheny County is affirmed.

## ORDER

Now, May 4, 1987, the order of the Court of Common Pleas of Allegheny County in the above-captioned matter, dated April 12, 1985, is hereby affirmed.