539 A.2d 42

Commonwealth of Pennsylvania, Department of Transportation, Bureau of Driver Licensing, Appellant *v.* Anthony J. Shine, Appellee.

Submitted on briefs February 26, 1988, to Judges COLINS and PALLADINO, and Senior Judge BARBIERI, sitting as a panel of three.

*Christopher J. Clements*, Assistant Counsel, with him, *Harold H. Cramer*, Assistant Counsel, and *John L. Heaton*, Chief Counsel, for appellant.

*Arthur L. Zulick, Muth and Zulick*, for appellee.

OPINION BY JUDGE COLINS, March 21, 1988:

The Department of Transportation, Bureau of Driver Licensing (Department) appeals an order of the Court of Common Pleas of Monroe County which sustained the appeal of Anthony J. Shine (appellee) from the twelve-month suspension of his operating privilege pursuant to Section 1547 of the Vehicle Code (Code), 75 Pa. C. S. §1547 (refusal to submit to blood alcohol test).

On March 17, 1985, appellee was involved in a two vehicle motor accident. Upon arriving at the scene of

the accident, a state trooper was informed that appellee was the driver of one of the vehicles. Appellee had suffered from facial injuries and was transported to the Pocono Hospital by ambulance. After investigating the accident, the trooper went to the hospital to question appellee. Upon arriving at the hospital, the trooper was informed that due to the seriousness of appellee's facial injuries, he would be unable to submit to a chemical test of breath. The trooper then requested that appellee submit to a blood test, or his license would be suspended for one year. Appellee refused to submit to the blood test due to an aversion to needles. However, he did state that he would be willing to submit to a breath test. After the refusal, the trooper stated to appellee that he would receive a summons on the criminal charges at a later date.

The Department, by official notice dated April 12, 1985, informed appellee that his operating privileges were being suspended for his refusal to submit to a chemical test. After an October 23, 1985, *de novo* hearing, the trial court, in its November 19, 1985, order sustained appellee's appeal on the basis that he had not been sufficiently placed under arrest. It is the November 19, 1985, order of the trial court that the Department appeals to this Court.

Our review in a driver's license suspension case where the matter has been heard *de novo* is limited to determining whether the common pleas court based its findings of fact upon substantial evidence or committed an error of law. *Sheakley v. Department of Transportation*, 99 Pa. Commonwealth Ct. 328, 513 A.2d 551 (1986).

In order to support the suspension of one's license under Section 1547 of the Code, the Department must prove that the driver involved: (1) was placed under arrest while driving under the influence of alcohol, and that the arresting officer had reasonable grounds to be-

lieve the driver was intoxicated; (2) was asked to submit to a chemical test; (3) refused to do so; and (4) was warned that his license would be revoked if he refused to take the test. *Department of Transportation, Bureau of Traffic Safety v. Shaffer*, 100 Pa. Commonwealth Ct. 66, 68, 513 A.2d 1154, 1156 (1986). Only the first part of the test of whether appellee was placed under arrest while driving under the influence of alcohol is at issue before this Court. The question of whether or not a driver has been placed under arrest for purposes of Section 1547(b) of the Code, 75 Pa. C. S. §1547(b) is a factual determination rather than a legal determination. *Department of Transportation, Bureau of Traffic Safety v. Uebelacker*, 98 Pa. Commonwealth Ct. 436, 511 A.2d 929 (1986). Additionally, all that is necessary is that the driver be under the custody and control of the person effecting the arrest. *Gresh v. Department of Transportation, Bureau of Traffic Safety*, 76 Pa. Commonwealth Ct. 483, 464 A.2d 619 (1983).

The trial court sustained appellee's appeal on the basis that since the officer testified that he did not physically place appellee under arrest, it could not create an arrest out of a situation where the investigating officer had clearly testified that there was no arrest. Thus, the trial court felt compelled to find that the officer's request that appellee submit to a blood test was not pursuant to an arrest.

The Department argues that the appellee in this matter was under arrest because he was under the custody and control of the person effecting the arrest and, furthermore, that no formal declaration of arrest or act of physical force is required. *Id.*

"Applying this test to the facts found by the trial court, we cannot agree with that court's conclusion that no arrest occurred prior to [the trooper's] request that [a]ppellee take a blood test. . . . It was not necessary

for the officer to use the exact words 'You are now under arrest.' " *Uebelacker* at 440, 511 A.2d at 931.

The officer in his testimony stated, "I didn't physically place him under arrest. I informed him that he was going to be arrested for these violations which I stated, possession of marijuana and driving under the influence and that he would receive a summons at a later time."

In the matters such as the instant, we must give a reasonable interpretation to the arresting officer's words and actions concerning the totality of the circumstances. *Id.* It is clear that at the time of the request for the blood test, the appellee was under the custody and control of the trooper. The trooper, in his sound discretion, simply chose not to physically remove the injured appellee from his hospital bed to the state police barracks in order to physically process the arrest. "Anything the [trooper] may have said to [a]ppellee regarding arrest *after* [a]ppellee had refused to submit to the blood test is irrelevant to the question of whether or not the [a]ppellee was under arrest at the time the refusal was made." *Id.* at 441-442, 511 A.2d at 931. (Emphasis in original.) Accordingly, the trial court's determination that the appellee was not placed under arrest is not supported by substantial evidence.

The order of the trial court is hereby reversed and the Pennsylvania Department of Transportation's order is reinstated.

ORDER

AND NOW, this 21st day of March, 1988, the order of the Court of Common Pleas of Monroe County in the above-captioned matter is hereby reversed. The order of the Pennsylvania Department of Transportation is reinstated.