590 A.2d 28

COMMONWEALTH of Pennsylvania, DEPARTMENT OF TRANSPORTATION, BUREAU OF DRIVER LICENSING, Appellant,

v.

Timothy J. WEBB, Appellee.

Commonwealth Court of Pennsylvania.

Submitted on Briefs Nov. 30, 1990.

Decided March 20, 1991.

Reargument Denied May 6, 1991.

Publication Ordered May 1, 1991.

David R. White, Asst. Counsel, Appellate Section, with him, Timothy P. Wile, Asst. Counsel-in-Charge of Appellate Section, Harold H. Cramer, Asst. Chief Counsel, and John L. Heaton, Chief Counsel, Harrisburg, for appellant.

Matthew Hanna, Media, for appellee.

Before McGINLEY and KELLEY, JJ., and NARICK, Senior Judge.

NARICK, Senior Judge.

The Pennsylvania Department of Transportation (DOT) appeals from an order of the Court of Common Pleas of Delaware County which sustained the driver's license suspension appeal of Timothy J. Webb. We reverse.

Mr. Webb's license was suspended for refusing to submit to a chemical test of his blood-alcohol ratio pursuant to Section 1547(b) of the Vehicle Code, 75 Pa.C.S. § 1547(b). Mr. Webb appealed his suspension to the court of common pleas on the grounds that he had not been placed under arrest when he made his refusal. After a hearing *de novo,* the trial court sustained Webb's appeal. The court reached this conclusion because the patrolman involved in this case testified that he did not formally advise Webb that he was under arrest until after he refused the test.

Our scope of review where the trial court heard the matter *de novo* is to determine whether the court based its findings of fact on substantial evidence or committed an error of law. *Phillips v. Commonwealth,* 84 Pa.Commonwealth Ct. 217, 478 A.2d 958 (1984); Section 704 of the Administrative Agency Law, 2 Pa.C.S. § 704. To sustain the license suspension we must be satisfied that the Commonwealth has borne the burden of proving that the driver (1) was placed under arrest for driving under the influence of alcohol, and that the arresting officer had reasonable grounds for the arrest; (2) was requested to submit to a chemical test; (3) refused to submit to the test; and (4) was warned of the consequences of refusing. *Department of Transportation, Bureau of Driver Licensing v. Cavanaugh,* 115 Pa.Commonwealth Ct. 397, 540 A.2d 340 (1988). Bearing these principles in mind, we turn to the facts of this case.

The facts found by the trial court are summarized as follows. On February 9, 1990, Webb was stopped by a patrolman for driving on the wrong side of the road. The

patrolman stopped Webb and ordered him to get out of the truck. The patrolman observed that Webb had a "glassy" look, smelled of alcohol and displayed poor coordination.

The patrolman administered a field sobriety test, which Webb failed. At this point the patrolman asked Webb to submit to a chemical test for blood-alcohol ratio, and advised him that a refusal would result in a license suspension. Webb refused the test. At this point the officer formally placed Webb under arrest for driving under the influence of alcohol.

■ Webb argues that he had not yet been arrested when he refused the test. Since the patrolman formally placed Webb under arrest after he refused the chemical test, the critical question is whether the circumstances which transpired before Webb refused the chemical test is tantamount to an arrest. In a similar case we established that a formal declaration of arrest is not required, but that the relevant inquiry is whether the driver should infer from the totality of the circumstances that he is under the custody and control of the officer. *Department of Transportation, Bureau of Traffic Safety v. Uebelacker*, 98 Pa.Commonwealth Ct. 436, 511 A.2d 929 (1986). In *Uebelacker*, we stated:

> It was not necessary for the officer to use the exact words, 'You are now under arrest.' Given the totality of the circumstances, we think a reasonable interpretation of the officer's words and actions would have been that he was going to place Appellee under arrest, not sometime in the future, but *immediately.* Anything the officer may have said to Appellee regarding arrest *after* Appellee had refused to submit to the blood test is irrelevant to the question of whether or not the Appellee was under arrest at the time the refusal was made.

*Id.,* 98 Pa.Commonwealth Ct. at 440–41, 511 A.2d at 931 (emphasis in original).

■ Applying this test to the facts established by the trial court, we are led to the conclusion that Webb could not have reasonably believed that he was free of police custody.

The patrolman stopped Webb's vehicle and ordered Webb to get out. He then administered a field sobriety test. Webb's compliance with the patrolman's orders evidences submission to the officer's control. The patrolman then asked Webb to submit to a chemical test and warned him of the consequences of a refusal. Under these circumstances we do not think that a reasonable person could have believed that he could refuse the test, return to his car and drive away. Like *Uebelacker*, the officer's words and actions demonstrated that Webb's arrest was imminent, and it is not significant that the formal words of arrest did not come until immediately after Webb refused the test.

Whether a driver has been placed under arrest for purposes of Section 1547(b) of the Code is a question of fact. *Id.* In this case the facts set forth by the trial court in its opinion demonstrate that an arrest had been made prior to the refusal, in spite of the court's conclusion to the contrary. The trial court transcript reveals that the court confused formal arrest with the circumstantial arrest test which we explained in *Uebelacker*.

Accordingly, we reverse the order of the trial court and reinstate DOT's suspension of Webb's driving privileges.

## ORDER

AND NOW, this 20th day of March, 1991, the order of the Court of Common Pleas of Delaware County in the above-captioned matter is hereby reversed.

KELLEY, Judge, dissenting.

I respectfully disagree. The majority opinion fails to treat the statutory distinction of prearrest test and the post arrest chemical test. Section 1547 provides, in part, that:

**(b) Suspension for refusal.—**

(1) If any person *placed under arrest* for a violation of section 3731 (relating to driving under influence of alcohol or controlled substance) is requested to submit to chemical testing and refuses to do so, the testing

shall not be conducted but upon notice by the police officer, the department shall suspend the operating privilege of the person for a period of 12 months.

(2) It shall be the duty of the police officer to inform the person that the person's operating privilege will be suspended upon refusal to submit to chemical testing.

(3) Any person whose operating privilege is suspended under the provisions of this section shall have the same right of appeal as provided for in cases of suspension for other reasons.

. . . .

**(k) Prearrest breath test authorized.—**A police officer, having reasonable suspicion to believe a person is driving or in actual physical control of the movement of a motor vehicle while under the influence of alcohol, may require that person *prior to arrest* to submit to a preliminary breath test on a device approved by the Department of Health for this purpose. The sole purpose of this preliminary breath test is to assist the officer in determining whether or not the person should be placed under arrest. The preliminary breath test shall be in addition to any other requirements of this title. No person has any right to expect or demand a preliminary breath test. Refusal to submit to the test shall not be considered for purposes of subsections (b) and (e).

75 Pa.C.S. § 1547 (emphasis added).

The facts of the case clearly reflect the arresting officer either requested a prearrest breath test with erroneous information of suspension, if refused, or arrested the operator after a refusal. Either factual pattern necessitates voiding of the suspension.

The two types of tests, pre-and-post arrest, necessitate that the state of mind of the arresting officer is essential to the arrest being perfected, not just the "freedom" of movement by the operator.

Because of the explicit statutory language of the prearrest breath test and the post arrest chemical test, the

statute necessitates the formal arrest, as distinguished from the circumstantial arrest, in post arrest chemical test requests.

Accordingly, I believe the trial court is correct and would affirm.