619 A.2d 797

**John B. McCROREY, Appellant,**

v.

**COMMONWEALTH of Pennsylvania, DEPARTMENT OF TRANSPORTATION, Appellee.**

Commonwealth Court of Pennsylvania.

Submitted on Briefs Dec. 6, 1991.

Decided Jan. 31, 1992.

Publication Ordered Jan. 15, 1993.

Joseph E. Vogrin, III, for appellant.

David R. White and Timothy P. Wile, for appellee.

Before COLINS and PELLEGRINI, JJ., and BARBIERI, Senior Judge.

PELLEGRINI, Judge.

John B. McCrorey (McCrorey) appeals an Order of the Allegheny County Court of Common Pleas (trial court) dismissing his appeal from a one-year suspension of his operating privileges imposed by the Department of Transportation, Bureau of Driver Licensing (Department).

On November 22, 1990, Detective Richard Martine (Detective Martine) of the City of Pittsburgh Police Department was in plain-clothes and driving an unmarked vehicle in the City of

Pittsburgh. As Detective Martine drove down Fort Duquesne Boulevard toward Tenth Street, a vehicle driven by McCrorey cut him off, nearly hitting Detective Martine's vehicle. As McCrorey did so, he leaned out the window laughing and gave Detective Martine "the finger." Detective Martine testified that he followed McCrorey observing his vehicle weave back and forth and cross the center line.

Detective Martine further testified that he radioed for a uniform car to have him stopped but before it got there, McCrorey had pulled his vehicle over to the side of the road.[1] Detective Martine testified that he also pulled his vehicle over and McCrorey then exited his vehicle and began making vulgar statements to him. Detective Martine told McCrorey that he was a police officer and to get back in the car two or three times. McCrorey was weaving and unsteady on his feet and was obviously intoxicated. Detective Martine continued to show McCrorey his badge and told him again that he was a police officer. McCrorey, while again using vulgarity, proceeded to take a swing at Detective Martine. A fist fight ensued, with McCrorey finally being subdued with the help of an officer from the Allegheny County Port Authority Police.

McCrorey was arrested at the scene for assaulting a police officer and transported to the station. At the station, McCrorey was taken to Officer Howard McQuillan in the intoxilyzer section. Officer McQuillan testified that McCrorey was very cocky and threatening to all the officers at the station. Officer McQuillan stated that McCrorey was given a field sobriety test. Officer McQuillan then asked McCrorey to submit to an intoxilyzer test which he agreed.

However, McCrorey did not blow properly into the machine. Officer McQuillan informed McCrorey that if he did not blow properly it would constitute a refusal and that he would lose his driver's license for one year. Officer McQuillan then

1. Apparently Detective Martine had radioed for a uniform car because as a non-uniformed police officer in an unmarked car, he did not have the authority to arrest McCrorey without a warrant for violations of the Vehicle Code which occurred in his presence. *See* 75 Pa.C.S. § 6304; *Commonwealth v. Woodard*, 307 Pa.Superior Ct. 293, 453 A.2d 358 (1982).

4

attempted to have McCrorey submit to a second test, which he refused. Officer McQuillan testified that when McCrorey refused, Detective Martine told him that he was being charged with Driving Under the Influence (DUI).[2]

■ On April 3, 1991, the Department notified McCrorey that his operating privilege was being suspended pursuant to Section 1547(b) of the Vehicle Code, 75 Pa.C.S. § 1547(b), due to his refusal to submit to chemical alcohol testing. McCrorey appealed the suspension to the trial court. On July 17, 1991, the trial court held a hearing on the matter and issued an Order dismissing McCrorey's appeal. McCrorey now appeals.[3]

■ This case differs from the typical license suspension case in that McCrorey was originally arrested outside his vehicle for an offense unrelated to the operation of that vehicle. McCrorey had not been stopped for a traffic violation nor had he been involved in an accident. Moreover, not surprisingly because he was purportedly assaulting Detective Martine, McCrorey was not asked to submit to any type of field sobriety test while at the scene. Because he was not originally arrested for DUI and not informed prior to the intoxilyzer test that he faced a possible DUI charge, McCrorey contends that he was not "under arrest for DUI" as required by Section 1547(b) of the Vehicle Code,[4] and there-

2. 75 Pa.C.S. § 3731.

3. Our scope of review in a motor vehicle license suspension case is limited to determining whether the findings of fact are supported by substantial evidence, whether errors of law have been committed and whether the trial court's decision demonstrates a manifest abuse of discretion. *Hewitt v. Commonwealth of Pennsylvania*, 116 Pa.Commonwealth Ct. 413, 541 A.2d 1183 (1988), *appeal denied*, 520 Pa. 620, 554 A.2d 511 (1989).

4. Section 1547(b) of the Vehicle Code provides in relevant part:
 (b) Suspension for Refusal.—
 (1) *If any person placed under arrest for a violation of section 3731 (relating to driving under the influence of alcohol or controlled substance)* is requested to submit to chemical testing and refuses to do so, the test shall not be conducted but upon notice by the police officer, the department shall suspend the operating privilege of the person for a period of 12 months.
 75 Pa.S.C. § 1547(b). (Emphasis added.)

fore, the police had no authority to later request that he submit to an intoxilyzer test.[5]

 Even though a suspect taken into custody for an offense other than DUI or those under the Vehicle Code may not believe they are being arrested for DUI, this does not preclude a finding that the circumstances surrounding the arrest, coupled with subsequent events occurring while the suspect is in police custody, would put a reasonable person on notice that they are also being held in custody for DUI. *See Department of Transportation, Bureau of Driver Licensing v. Webb*, 139 Pa.Commonwealth Ct. 1, 2–4, 590 A.2d 28, 29 (1991); *Department of Transportation, Bureau of Driver Licensing v. Uebelacker*, 98 Pa.Commonwealth Ct. 436, 511 A.2d 929 (1986).

The circumstances of McCrorey's arrest and the subsequent events which took place at the station put McCrorey on notice that he was also being held in custody for DUI. Immediately prior to the time he was arrested for assault, McCrorey had been driving a vehicle in an erratic manner. Moreover, McCrorey knew that his driving had been witnessed by Detective Martine because of his conduct when he nearly had a collision with Detective Martine. At the station, McCrorey was asked to submit to a field sobriety test, a test commonly given to suspected drunk drivers. Moreover, McCrorey was also asked to submit to an intoxilyzer test and given the implied consent warning that he would lose his drivers license if he refused.

Given these circumstances, a reasonable person in McCrorey's position should have concluded that even if the assault charge was dropped, he would continue to remain in police custody because the police were contemplating charging him with DUI. Accordingly, we find that McCrorey was "under arrest" for DUI as defined in *Webb* and his refusal to take the

5. While the question of whether a driver has been placed under arrest for purposes of Section 1547(b) is a factual determination, whether the trial court's determination is supported by competent evidence is a question of law reviewable by this Court. *Department of Transportation, Bureau of Traffic Safety v. Uebelacker*, 98 Pa.Commonwealth Ct. 436, 511 A.2d 929 (1986).

intoxilyzer test properly resulted in a suspension of his operating privileges.

Accordingly, we will affirm the Order of the trial court.

## ORDER

AND NOW, this 31st day of January, 1992, the Order of the Allegheny County Court of Common Pleas dated July 17, 1991, is affirmed.