617 A.2d 400

**COMMONWEALTH of Pennsylvania, DEPARTMENT OF TRANSPORTATION, BUREAU OF DRIVER LICENSING, Appellant,**

v.

**Jerome Michael McGRATH, Appellee.**

Commonwealth Court of Pennsylvania.

Submitted on Briefs Feb. 14, 1992.

Decided March 30, 1992.

Publication Ordered Nov. 24, 1992.

2

William A. Kuhar, Jr. and David R. White, for appellant.
No appearance for appellee.

Before PALLADINO and PELLEGRINI, JJ., and NARICK, Senior Judge.

PELLEGRINI, Judge.

The Commonwealth of Pennsylvania, Department of Transportation, Bureau of Driver Licensing (DOT) appeals from an order of the Court of Common Pleas of Allegheny County, which sustained the appeal of Jerome Michael McGrath (McGrath) from a one-year suspension of his operating privilege imposed by DOT for his refusal to submit to a chemical

4

alcohol test pursuant to Section 1547(b)(1) of the Vehicle Code, 75 Pa.C.S. § 1547(b)(1).[1]

On March 16, 1991, Police Officer Paul Hagerty (Hagerty) of the Edinboro Borough Police Department was called to the scene of a hit-and-run accident on the Edinboro University campus. After investigating the scene, Hagerty was called to Deerborn Hall, a student dormitory, to see a vehicle which had been identified to the campus police as having been involved in the accident. The vehicle was registered to McGrath who was a student at Edinboro University and living at Deerborn Hall.

McGrath was brought to the campus police station where he was interviewed by Officer Hagerty. McGrath asserted that he had not been driving the vehicle involved in the accident. Even though Hagerty had not observed McGrath actually driving the vehicle, he observed that McGrath had a strong odor of alcoholic beverages on his breath, his eyes were glassy and his walk was unsteady. Additionally, Hagerty noted that McGrath had signed himself into the dormitory ten minutes after the accident, there was damage to his vehicle consistent with the vehicle which was hit, McGrath had not lent his vehicle to anyone, and he had the keys to the vehicle in his possession.

Relying on this evidence, Hagerty believed that McGrath was the driver of the vehicle involved in the accident. Hagerty then advised McGrath that he was going to be charged with operating a vehicle while under the influence of alcohol pursuant to Section 3731(a)(1) of the Vehicle Code, 75 Pa.C.S. § 3731(a)(1)[2] and would be transported to the Edinboro Bor-

---

1.  Section 1547(b)(1) of the Vehicle Code provides in pertinent part:
    (b) Suspension for Refusal.
        (1) *If any person placed under arrest for a violation of section 3731 (relating to driving under the influence of alcohol or controlled substance)* is requested to submit to chemical testing and refuses to do so, the test shall not be conducted but upon notice by the police officer, the department shall suspend the operating privilege of the person for a period of 12 months. (Emphasis added.)

2.  Section 3731(a)(1) of the Vehicle Code, 75 Pa.C.S. § 3731(a)(1), provides that a person shall not drive, operate or be in actual physical control of the movement of any vehicle while under the influence of alcohol to a degree which renders the person incapable of safe driving.

ough police station. Hagerty never advised McGrath that he was being placed under arrest. After being taken into custody and transported to the police station via Hagerty's police vehicle, McGrath was asked to submit to a chemical alcohol test and was advised of the implied consent law. McGrath refused to take the test.

■ As a result of McGrath's refusal, DOT notified him on April 10, 1991, that his operating privilege was going to be suspended for one year pursuant to Section 1547(b)(1) of the Vehicle Code for refusing to submit to chemical alcohol testing. McGrath appealed his license suspension to the Court of Common Pleas of Allegheny County on May 1, 1991, arguing that he had not been placed under arrest at the time of his refusal. By order dated June 12, 1991, the trial court sustained his appeal, finding that the evidence relied upon by Hagerty was circumstantial and McGrath had never been arrested. DOT then filed the present appeal from that order.[3]

■ In order to support the suspension of a licence under Section 1547(b)(1) of the Vehicle Code, DOT must prove that the driver involved: (1) was placed under arrest while driving under the influence of alcohol, and that the arresting officer had reasonable grounds to believe the driver was intoxicated; (2) was asked to submit to a chemical test; (3) refused to do so; and (4) was warned that his license would be revoked if he refused to take the test. *Commonwealth of Pennsylvania, Department of Transportation, Bureau of Driver Licensing v. Shine*, 114 Pa. Commonwealth Ct. 523, 539 A.2d 42 (1988). Only the first part of the test, whether McGrath was placed under arrest while driving under the influence of alcohol and whether Hagerty had reasonable grounds to believe McGrath was intoxicated, is at issue in this case.[4]

3. Our scope of review in a driver's license suspension case is limited to determining whether or not the findings of the trial court are supported by substantial evidence and whether the trial court committed an error of law. *Commonwealth of Pennsylvania, Department of Transportation, Bureau of Driver Licensing v. Cohen*, 99 Pa. Commonwealth Ct. 466, 512 A.2d 1365 (1986).

4. We note that DOT was the only party to file a brief regarding this appeal.

■ DOT correctly argues that the trial court erred by sustaining McGrath's appeal on the basis that Hagerty testified that he did not actually advise McGrath that he was being placed under arrest. This court has repeatedly held that no formal declaration of arrest is required in order for a driver to be aware that he is being arrested for suspicion of driving while under the influence. The relevant question is whether the driver should infer from the totality of the circumstances that he is under the custody and control of the police officer. *Commonwealth of Pennsylvania, Department of Transportation, Bureau of Driver Licensing v. Webb*, 139 Pa.Commonwealth Ct. 1, 590 A.2d 28 (1991); *Commonwealth of Pennsylvania, Department of Transportation, Bureau of Driver Licensing v. Uebelacker*, 98 Pa. Commonwealth Ct. 436, 511 A.2d 929 (1986); *Gresh v. Commonwealth of Pennsylvania, Department of Transportation, Bureau of Driver Licensing*, 76 Pa. Commonwealth Ct. 483, 464 A.2d 619 (1983).

■ The evidence of record indicates that McGrath was first questioned by Hagerty at the campus police station regarding the accident. After questioning, Hagerty informed McGrath that he was going to be charged for driving under the influence and transported to the central booking station. McGrath was then actually transported in Hagerty's police vehicle to the Edinboro Borough police station, where he was asked to submit to the chemical alcohol test and informed of the consequences of a refusal. Based on the totality of the circumstances, even though Hagerty did not inform McGrath that he was under arrest, McGrath should have inferred that he was under Hagerty's custody and control at the time he was requested to submit to the chemical alcohol test. Therefore, the trial court erred in determining that McGrath had not been "arrested" for purposes of Section 1547(b) of the Vehicle Code.

■ DOT also contends that the trial court erred in finding that the circumstantial evidence relied upon by Hagerty was insufficient to formulate reasonable grounds for McGrath's arrest. The test to determine whether an officer had reasonable grounds to make an arrest is whether a

reasonable person viewing the facts and circumstances as they appeared to the arresting officer could have concluded that the motorist had operated a vehicle while under the influence of alcohol. *Commonwealth of Pennsylvania, Department of Transportation, Bureau of Driver Licensing v. Terreri,* 114 Pa. Commonwealth Ct. 208, 538 A.2d 639 (1988). An arresting officer's reasonable grounds will not be rendered void, even if later discovery might disclose that his belief was erroneous, and the existence of reasonable alternate conclusions does not preclude the arresting officer's actual belief from being reasonable. *Keane v. Commonwealth of Pennsylvania, Department of Transportation,* 127 Pa. Commonwealth Ct. 220, 561 A.2d 359 (1989).

■■ Reasonable grounds may exist even when the arresting officer has not actually observed the motorist operating his vehicle. *Menosky v. Commonwealth of Pennsylvania,* 121 Pa. Commonwealth Ct. 464, 550 A.2d 1372 (1988); *Commonwealth of Pennsylvania, Department of Transportation, Bureau of Driver Licensing v. Gonzalez,* 110 Pa. Commonwealth Ct. 379, 532 A.2d 533 (1987), *petition for allowance of appeal denied,* 518 Pa. 621, 541 A.2d 748 (1988). Even though Hagerty testified that he did not actually witness McGrath driving the vehicle, Hagerty stated that ten minutes after the accident occurred, McGrath was observed walking into Deerborn Hall and signing in as required, there was damage to his vehicle as well as the vehicle involved in the hit-and-run accident, McGrath had not lent his vehicle to anyone, and he had the keys to the vehicle in his possession. That evidence, coupled with Hagerty's first-hand observation that McGrath had alcohol on his breath, glassy eyes, and was unsteady on his feet, indicates that at the time of the arrest, Hagerty had reasonable grounds for believing McGrath was driving while intoxicated.

Accordingly, the decision of the trial court is reversed.

## ORDER

AND NOW, this 30th day of March, 1992, the order of the Court of Common Pleas of Allegheny County dated June 12, 1991, No. SA–1196 of 1991, is reversed.