Edward M. SFIDA, Jr.

v.

COMMONWEALTH of Pennsylvania, DEPARTMENT OF TRANSPORTATION, BUREAU OF DRIVER LICENSING, Appellant.

Commonwealth Court of Pennsylvania.

Submitted on Briefs May 20, 2005.

Decided June 17, 2005.

Timothy P. Wile, Asst. Counsel In-Charge and Harold H. Cramer, Asst. Chief Counsel, Harrisburg, for appellant.

Craig A. Sopin, Philadelphia, for appellee.

BEFORE: SMITH–RIBNER, J., PELLEGRINI, J., and JUBELIRER, J.

OPINION BY Judge PELLEGRINI.

The Department of Transportation, Bureau of Driver Licensing (Department) appeals from an order of the Court of Common Pleas of Montgomery County (trial court) which sustained the appeal of Edward M. Sfida, Jr. (Licensee) from a one-year driver's license suspension imposed by the Department under Section 1547(b)(1) of the Vehicle Code, 75 Pa.C.S. 1547(b)(1),[1] as a result of his reported refusal to submit to chemical testing following his involvement in a motor vehicle accident.

On the evening of December 3, 2003, Licensee's vehicle struck the back of another moving vehicle. After both drivers stopped to assess the damage, Licensee fled the scene of the accident. The other driver recorded Licensee's license plate number and called the Plymouth Township Police, and one of its officers, Michael Cassidy (Officer Cassidy), located Licensee at his home approximately ten to 12 minutes later. Because Officer Cassidy detected an odor of alcohol on Licensee's breath, he asked him to submit to a field sobriety test, which Licensee refused. Of-

---

1. That section provides:

(b) SUSPENSION FOR REFUSAL.—

(1) If any person placed under arrest for a violation of section 3802 is requested to submit to chemical testing and refuses to do so, the testing shall not be conducted but upon notice by the police officer, the department shall suspend the operating privilege of the person as follows:

(i) Except as set forth in subparagraph (ii), for a period of 12 months.

(ii) For a period of 18 months if any of the following apply:

(A) The person's operating privileges have previously been suspended under this subsection.

(B) The person has, prior to the refusal under this paragraph, been sentenced for:

(I) an offense under section 3802;

(II) an offense under former section 3731;

(III) an offense equivalent to an offense under subclause (I) or (II);or

(IV) a combination of the offenses set forth in this clause.

75 Pa.C.S. § 1547(b)(1).

ficer Cassidy then asked him to submit to a portable breath test, which he also refused. After Licensee also refused to go to the police station and submit to a chemical breath test, Officer Cassidy explained the consequences of his refusal and advised Licensee of the implied consent law under § 1547(b)(2) of the Vehicle Code, 75 Pa.C.S. § 1547(b)(2). However, Licensee continued to refuse to submit to the testing. Without being taking to the police station, Licensee was charged with leaving the scene of an attended vehicle,[2] hit and run of attended vehicle or property, careless driving[3] and disorderly conduct.[4]

By official notice dated and mailed February 26, 2004, the Department notified Licensee that as a result of his refusal to submit to chemical testing on December 3, 2003, his operating privilege was being suspended for one year as mandated by 75 Pa.C.S. § 1547(b)(1). Licensee appealed the suspension to the trial court.

At a *de novo* hearing, Officer Cassidy, the only witness, testified as to the circumstances surrounding his dispatch to the scene, his exchange with Licensee, his repeated requests to Licensee to submit to testing, and Licensee's continued refusal to do so. He testified that he "arrested" Licensee for leaving the scene of an attended vehicle, hit and run of an attended vehicle or property, careless driving and disorderly conduct, but never handcuffed Licensee or placed him into his patrol car; instead, he released Licensee at the scene to go on his way because the charges were all "summary misdemeanor offenses" and told Licensee he would receive a summons in the mail. On cross-examination, Officer Cassidy acknowledged that he did not formally place Licensee under arrest or charge him with driving under the influence.

The trial court found that under 75 Pa. C.S. § 1547(b)(1), an arrest for driving under the influence, as well as a refusal to submit to a breath test, were both necessary components for a one-year suspension. Because Licensee had not been arrested for driving under the influence, the trial court sustained Licensee's appeal and ordered the Department to rescind the suspension. This appeal followed.[5]

**2.** 75 Pa.C.S. § 3743 requires the driver of any vehicle involved in an accident resulting only in damage to a vehicle or other property which is driven or attended by another person to immediately stop the vehicle at the scene of the accident and remain on the scene until the requirements of Section 3744 of the Vehicle Code are fulfilled. A violation of this section constitutes a *misdemeanor of the third degree,* punishable by a fine or imprisonment or both.

**3.** 75 Pa.C.S. § 3714 makes it a *summary offense* to drive a vehicle in careless disregard for the safety of persons or property.

**4.** Under 18 Pa.C.S. § 5503, a person is guilty of disorderly conduct if, with intent to cause public inconvenience, annoyance or alarm, or recklessly creating a risk thereof, he or she: (1) engages in fighting or threatening, or in violent or tumultuous behavior; (2) makes unreasonable noise; (3) uses obscene language, or makes an obscene gesture; or (4) creates a hazardous or physically offensive condition by any act which serves no legitimate purpose of the actor. An offense of disorderly conduct is a *misdemeanor of the third degree* if the intent of the actor is to cause substantial harm or serious inconvenience, or if he or she persists in disorderly conduct after reasonable warning or request to desist. Otherwise, disorderly conduct is *a summary offense.*

**5.** Our scope of review of a decision in a license suspension case is limited to determining whether the trial court's findings of fact are supported by competent evidence and whether the trial court committed an error of law or an abuse of discretion in reaching its decision. *Terraciano v. Department of Transportation, Bureau of Driver Licensing,* 562 Pa. 60, 753 A.2d 233 (2000). Additionally, we must review the evidence in the light most favorable to the party that prevailed before

While agreeing that one of the required elements[6] to suspend a licensee for refusal to submit to chemical testing is that the licensee must be "placed under arrest for a violation of section 3802 [driving under the influence]," 75 Pa.C.S. § 1547,[7] the Department argues that substantial evidence does not support the trial court's conclusion that Licensee was not "arrested" for driving under the influence for purposes of 75 Pa.C.S. § 1547(b)(1). It argues that the term "arrest" as it is used in 75 Pa.C.S. § 1547(b)(1) only requires that from the totality of the circumstances, the licensee, at the time the testing request is made, would have inferred that he or she was under the custody and control of the police officer. *Maletic v. Department of Transportation, Bureau of Driver Licensing,* 819 A.2d 640 (Pa.Cmwlth.2003).[8] In this case, the Department argues that Licensee should have had the reasonable impression that he was not free to leave Officer Cassidy's presence, and that was sufficient to constitute the "custody and control" necessary to effectuate an "arrest" for purposes of Section 1547.[9]

---

the trial court. *Department of Transportation, Bureau of Driver Licensing v. Malizio,* 152 Pa.Cmwlth. 57, 618 A.2d 1091 (1992).

6. Under 75 Pa.C.S. § 1547(b)(1), to suspend a license, the Department is required to establish: 1) that the licensee has been arrested for driving under the influence by a police officer who had reasonable grounds to believe that the licensee had been driving, operating or in actual physical control of the movement of a vehicle while under the influence of alcohol; 2) that the licensee had been requested to submit to a chemical test; 3) that the licensee refused; and 4) that the police officer fulfilled the duty imposed by 75 Pa.C.S. § 1547(b)(2) and warned the licensee of the consequences of refusing testing—namely, the suspension of the operating privilege. *Banner v. Department of Transportation, Bureau of Driver Licensing,* 558 Pa. 439, 737 A.2d 1203 (1999); *Helt v. Department of Transportation, Bureau of Driver Licensing,* 856 A.2d 263 (Pa.Cmwlth. 2004).

7. As of February 1, 2004, 75 Pa.C.S. § 1547 was amended to broaden the scope of offenses for which a police officer could request a licensee to submit to a chemical test. Following the amendments put into place by Act 2003–24, licensees who are arrested for violations of 75 Pa.C.S. § 1543(b)(1.1) (relating to driving while the operating privilege is suspended or revoked), 75 Pa.C.S. § 3802 (relating to driving under the influence of alcohol or controlled substance) or 75 Pa.C.S. § 3808(a)(2) (relating to illegally driving a motor vehicle not equipped with ignition interlock) may be requested to submit to chemical testing, and if testing is refused, an operat-

ing privilege suspension of at least six months but up to 18 months shall be imposed. *See* 75 Pa.C.S. § 1547.

8. The Department seems to suggest that a licensee can be considered "arrested" for purposes of Section 1547 when under the "totality of the circumstances," the licensee subjectively believes that he or she is under arrest even when the police officer did not intend to place the person under arrest. No case can be found involving the application of the "totality of the circumstances" test in a situation where the police officer testified that the licensee was not under arrest; did not subsequently involve a physical arrest unless the police officer could not immediately do so because the person was undergoing medical treatment; or that criminal charges were not eventually brought. *See, e.g., Department of Transportation, Bureau of Driver Licensing v. McGlynn,* 147 Pa.Cmwlth. 454, 611 A.2d 770 (1992); *Department of Transportation, Bureau of Driver Licensing v. McGrath,* 151 Pa. Cmwlth. 1, 617 A.2d 400 (1992); *Department of Transportation, Bureau of Driver Licensing v. Webb* 139 Pa.Cmwlth. 1, 590 A.2d 28, (1991), *petition for allowance of appeal denied,* 529 Pa. 661, 604 A.2d 252 (1992).

9. The Department cites to the following circumstances from which, in total, Licensee should have inferred that he was arrested: Officer Cassidy asked Licensee to perform field sobriety tests and to complete a portable or pre-arrest breath test; Officer Cassidy advised Licensee that he believed that he was under the influence of alcohol; Officer Cassidy explained to Licensee that if he did not submit to a chemical test he would lose his

■ Ignoring whether the "totality of the circumstances test" has any application whatsoever when a police officer testifies that the licensee was never under arrest, and while the totality of the circumstances certainly establishes that Licensee could have been arrested for driving under the influence, the hard fact remains that, inexplicably, he was not.[10] Despite what was written in an affidavit sent to the Department, Officer Cassidy testified that he never placed Licensee under arrest for driving under the influence and Licensee was never formally charged with driving under the influence arising out of the events on December 3, 2003. Specifically, the following exchange took place:

Q. [Licensee's Attorney] Under the affidavit part, would you please read the four numbers?

A. [Officer Cassidy] The above motorist was placed under arrest for driving under the influence of alcohol or controlled substance in violation of Section 3731 of the vehicle code. And there were reasonable grounds to believe that the above motorist had been drinking, operating or in actual physical control of the movement of a motor vehicle while under the influence of alcohol or a controlled substance or both. But the above motorist was involved in an accident in which the operator or passenger of any vehicle involved or a pedestrian required treatment at a medical facility or was killed. Number two—

Q. Let me stop you right there just for a moment. Did that happen, what you just read in number one?

A. No.

Q. No. You did not arrest him for an [sic] DUI?

A. No, I did not.

Q. And there was not an accident involving injury or death, am I correct?

A. You're correct.

Q. So that part of the affidavit is not correct?

A. It didn't happen.

Q. It didn't happen. You don't have to read the other numbers. Thank you.

(Reproduced Record at 27a–28a.)

■ Whether a licensee has been "placed under arrest" for purposes of the implied consent law is a question of fact rather than a legal determination. *McGlynn.* This testimony is substantial evidence on which to support the trial court's finding that Licensee was not placed under arrest for driving under the

---

driver's license for one year; Officer Cassidy advised Licensee that he was not entitled to counsel because testing was a civil and not a criminal matter; and after Licensee refused to submit to testing, Officer Cassidy advised Licensee that he was arrested for accidents involving damage to attended property, careless driving and disorderly conduct.

10. Even though Officer Cassidy testified that he "arrested" Licensee for leaving the scene of an attended vehicle, hit and run of an attended vehicle or property, careless driving and disorderly conduct, he instituted the criminal charges by summons, i.e., a complaint which is a procedure used to institute criminal charges in lieu of an arrest. Pa. R.Crim.P. 400 provides that criminal pro-

ceedings in summary cases can be instituted by (1) issuing a citation to the defendant; (2) filing a citation; (3) filing a complaint; (4) arresting without a warrant when arrest is specifically authorized by law. Pa. R.Crim.P. 502 provides that criminal proceedings involving felonies and misdemeanor shall be instituted by: (1) filing a written complaint; (2) an arrest without a warrant: (a) when the offense is a felony or misdemeanor committed in the presence of the police officer making the arrest; or (b) upon probable cause when the offense is a felony; or (c) upon probable cause when the offense is a misdemeanor not committed in the presence of the police officer making the arrest, when such arrest without a warrant is specifically authorized by statute.

influence on the evening of December 3, 2003. Accordingly, because an arrest for driving under the influence is required to sustain a one-year suspension imposed pursuant to 75 Pa.C.S. § 1547(b)(1) for a chemical test refusal, the order of the trial court rescinding the suspension is affirmed.

### ORDER

AND NOW, this *17th* day of *June*, 2005, the order of the Court of Common Pleas of Montgomery County dated October 7, 2004, in which it sustained the appeal of Edward M. Sfida, Jr. from a one-year suspension and directed the Department of Transportation, Bureau of Driver Licensing to rescind the suspension is affirmed.